## OTT *vs* SCHROEPPEL.

Where, by the terms of a submission to arbitration, the arbitrators are to hear evidence upon, and determine, two distinct matters, and there is nothing in the nature of the subjects which requires the awards on both to be united in one instrument, if they pass upon both matters, and execute a valid award upon each, their finding will not be held void for the reason that the result of their labors is embodied in two instruments, in the form of two awards.

Though distinct in form, such awards, being *in pari materia,* may both be read together, and regarded, in legal effect, and so far as concerns the requirements of the bonds of submission, as though they had been incorporated in one instrument.   And if each is so executed as to be a binding award, by itself, provided the submission had not required the arbitrators to pass also on the subject matter of the other, they are both valid instruments.

Where an award, required by the terms of the submission to be attested by a subscribing witness, though signed by three arbitrators, is attested as to two of them only, it is in legal intendment, the award of those two, and not the award of the third arbitrator.

Where a replication concludes with a verification when it ought to conclude to the country, this is a formal defect which is cured by the 151st section of the code of procedure.

DEMURRER to replication.  The action was, debt on an award.  The declaration set forth the execution of bonds of arbitration by the plaintiff and defendant respectively, dated December 28, 1842, conditioned, among other things, that the parties respectively should submit to the decision of Orla H. Whitney, Mathew McNair, William Dalloway and John Grant, jun. or either three of them who should act, named, selected and chosen arbitrators by the parties, between whom a controversy existed, to hear all the proofs and allegations of the parties, among other things of and concerning all actions, causes of action, controversies, suits, &c. and all other matters of whatsoever name or nature, existing between the parties, and to determine and settle and award upon said matters, and to make a just award according to the best of their understanding, so as the award of said arbitrators be made in writing, subscribed by them, or any two of them, and attested by a subscribing wit-

ness, ready to be delivered to said parties on or before the first day of February then next. The declaration then alleged, that the said Orla H. Whitney, William Dalloway and John Grant, jun., three of the said arbitrators, (the said Mathew McNair, the other arbitrator, refusing to act,) having taken upon themselves the burthen of said arbitration, and having taken the oath required of them, did in due manner and within the time for that purpose appointed, to wit, on the 28th day of January, 1843, duly make and publish their award in writing subscribed by two of said arbitrators, to wit, the said John Grant, jun. and William Dalloway, and attested by J. Neilson, a subscribing witness thereto, of and concerning the said matters in difference between the parties, and did thereby award and direct that the said defendant should pay, or cause to be paid to the plaintiff $532,69, thirty days from the date of said award, with interest. The defendant pleaded the general issue, and a special plea alleging that the bonds of arbitration were respectively conditioned that the parties should submit to the arbitration of the persons named in the plaintiff's declaration of and concerning, first, the amount which had been actually paid upon a certain contract between the plaintiff and defendant, dated March 1, 1835, and which in justice should be applied thereon, and endorse the amount so found on said contract; and second, of and concerning also all actions, controversies, &c. and all other matters of whatsoever name or nature then existing between the parties, and to determine and settle and award also upon the said second mentioned matters, so as the award of said arbitrators be made in writing subscribed by them, or any two of them, and attested by a subscribing witness, ready to be delivered to said parties on or before the 1st day of February then next. That evidence was given to the arbitrators, of payments actually made upon the contract mentioned in the conditions of the arbitration bonds, and the same was a matter in difference between the parties, before the arbitrators on said hearing and was duly submitted to the arbitrators for their award thereon; but that the said Orla H. Whitney, William Dalloway and John Grant, jun. did not, on

Ott *v.* Schroeppel.

or before the 1st day of February, 1843, make an award in writing, subscribed by them or any two of them, and attested by a subscribing witness ready to be delivered to the parties, of the amount that had been actually paid upon the said contract. The plaintiff replied that Whitney, Dalloway and Grant; within the time limited, to wit, on the 28th of January, 1843, did also duly make and publish their award in writing, subscribed by them, and attested by S. B. Ludlow as a subscribing witness thereto as to the signatures of Dalloway and Grant, two of the arbitrators, of and concerning first the amount which had been actually paid upon the said contract, and which, in justice, should be applied thereon, which said award in writing was endorsed on the said contract ready to be delivered to the parties and bearing date January 28, 1843; by which they awarded and determined that the whole amount which had been actually paid on said contract amounted to $530,62. The replication concluded with a verification.

The defendant demurred to the replication, and assigned the following grounds of demurrer. (1.) That the replication was merely a denial of what was stated in the 2d plea, and set up no new traversable matter. That it should therefore have concluded to the country, and not with a verification. (2.) That the replication was a departure from the declaration, and did not sustain it, as to who was the attesting witness, as to what arbitrators signed the award, and as to how far the award was attested. (3.) That it was no answer to the 2d plea; inasmuch as it did not set forth an award attested according to the bonds of submission. (4.) That it did not set forth any award as to the amount that had been actually paid on the contract, within the terms of the bonds of submission; such bonds requiring the amount that had been actually paid up to the date of said bonds, December 28, 1842, to be found by the arbitrators; and the replication not setting out that the amount found was the amount actually paid, up to the date of said bonds. Joinder in demurrer.

*L. Morgan,* for the plaintiff.

*J. F. Sabine,* for the defendant.

Ott *v.* Schroeppel.

*By the Court,* GRIDLEY, J. The replication has been amended in the respect in which it was held to be defective when this cause was before us on a former occasion. (*a*) The plaintiff now avers that the arbitrators did award how much had been paid, and in justice should be applied on the contract mentioned in the pleadings. It is objected by the defendant's counsel, that the replication does not state in express terms, how much had been paid *at the date of the bonds of submission.* But it must be admitted that the replication is as certain in this respect as the language of the submission itself, or of the plea of the defendant. They all refer to the date of the execution of the bonds, as the time up to which the aggregate amount of payments on the contract should be determined. And such is the true construction of the replication.

One ground of the demurrer is based on the proposition that the replication *departs* from the declaration. This is a ground of general demurrer, and is fatal, provided the finding of a divided award, or rather an award as to the amount that had been paid on the contract, endorsed on the contract itself, and the award as to the sum to be recovered by the plaintiff, executed as a separate instrument, is incompatible with the terms of the submission, and with the allegations contained in the declaration.

Looking at the language of the submission, as contained and set forth in the special plea of the defendant, notwithstanding the awkward and inartificial manner in which the bonds were drawn, it is quite clear that the arbitrators were to hear evidence upon, and determine, *two* matters; and that unless they awarded upon *both*, the award as to the *one* would be void, for the reasons given when the case was before us at a previous term. But if they did pass upon both matters, and execute a valid award upon each, I incline to the opinion that their finding should not be held void, for the reason that the result of their labors was embodied in two instruments, in the form of two awards, the one of which was endorsed upon the contract

(*a*) 3 *Barb. Sup. Court Rep.* 56.

Ott *v.* Schroeppel.

itself.   I think that, though distinct in form, being *in pari materia,* both may be read together, and regarded, in legal effect, and so far as concerns the requirement of the bonds of submission, as though they had been incorporated in one instrument. They are, indeed, strictly speaking, separate awards; for the attestation by different witnesses, as well as some other peculiarities, makes them so; but they are both valid instruments, each being so executed as to be a binding award by itself, provided the submission had not required the arbitrators to pass also on the subject matter of the other.   I have been led to this conclusion by two considerations: (1.) Notwithstanding the strictness with which the courts will hold parties to a compliance with the terms of the submission in requiring an award on *all* the matters submitted, where the submission contained the *"ita quod"* clause; yet, (that condition being complied with,) the general rule is, that as to all else, awards are construed with great liberality and indulgence.   (*Cowen & Hill's Notes,* 1027, 8.)   If the requirements of the bonds of submission have been *substantially complied* with, that has been regarded as sufficient.   (2.) This case steers clear of the principle upon which arbitrators have been held to have exhausted their powers by making one award so that, any other made afterwards would be void.   (*See Cowen & Hill's Notes,* 1033, 4; *and* 1293, *and cases there cited.*)   The cases will be found to differ from this in the fact that the awards in those cases were made on the *same subject matter,* and so, whether made at the same or different times, were void.   In this case, the subjects awarded on, were distinct in their nature.   When the arbitrators had determined and awarded how much had been paid on the contract in question, and had endorsed the amount on the contract, they had neither exhausted their powers under the submission, nor performed their duties under it.   A large part of their labors remained yet to be done.   The two subjects on which the arbitrators were to pass were entirely distinct in their nature; and there was nothing in the nature of the subjects that required the award on both to be united in one instrument.   And though I cannot say that the language of the submission con-

Ott *v.* Schroeppel.

templated two instruments, embracing the awards on these two distinct matters; yet I do not see any thing in that language, nor in the nature of the subjects submitted, which forbids it. I need not say that we are bound to take the facts as they are pleaded to be true; and the *replication alleges a perfect award* upon both the subjects submitted. It is true that the award signed by Dalloway, Grant and Whitney, was attested only as to *two* of the signatures. But, *in law*, the award not being attested as to the *third* arbitrator, was not his award. It was, in legal intendment, the award of the two who subscribed it, and whose signatures were attested. (5 *Paige*, 578.)

In the view I have taken of the subject, the question of a departure is avoided. The award as to the amount due on the contract was not an award of a sum due, constituting a substantive ground of action. It was only a condition precedent to the right to maintain an action for the amount awarded to the plaintiff under the other branch of the submission. And if I am right in supposing that the decision of the arbitrators on the first point could be contained in and proved by a separate instrument, then the question of a departure does not arise.

The question as to the manner in which the replication should be concluded, whether with a verification, or to the country, is left in some doubt by the authorities. But that is only a formal defect, and is cured by the 151st section of the code; which declares that all errors and defects in the pleadings which do not affect the *substantial* rights of the parties, shall be disregarded *in every stage of the cause.* This provision extends the statute of jeofails, which was applied under the revised statutes only after verdict or judgment, *to every stage of a suit,* and has been expressly declared applicable to existing suits by the 2d section of the supplemental code. And in this case the pleadings, upon which we are called to decide, have been put in since the code became the law of the land.

The demurrer must be overruled, and the defendant allowed to amend on payment of costs.