Foot, J.
 

 On looking at the submission and awards, it is manifest, that the arbitrators have passed on the two matters submitted to them, and intended to make, and have substantially made, their award upon them. If the controversies between the parties are not closed by the judgment of this court of their own creation and selection, it is because some technical rule on the subject of awards has been violated.
 

 
 *462
 
 I concur in the opinion of the supreme court, delivered by Mr. Justice Gridley, that the two matters in dispute between the parties, mentioned in the bonds of submission, were submitted to the arbitrators ; but I do not think, it follows, and cannot concur in the position, that an award upon each must be embraced in the same instrument. The learned judge discussed this point with his usual clearness and ability, when this case was before the supreme court on an issue of law (4 Barb. 250), and came *to the conclusion, that as the two matters submitted were distinct, a separate award might be made upon each. .This conclusion appears to me to be sound; and I do not see any such difference between the case, as it stood on the issue of law, and as it now stands on the special verdict, as should lead to a different opinion on this point. It is true, as mentioned by the learned judge, that both awards were not fully set forth on the former occasion, but the bonds of submission were, and on them alone depends the question, whether the two matters submitted are so distinct as to admit of separate awards. It appears to me, that there is no room to doubt, that the parties not only submitted two distinct matters, but provided for separate awards upon them; the language of their bonds is clear and explicit on this point. While the correctness of the rule is admitted, that each party has a right to claim that both subjects shall be awarded upon, yet it is unreasonable, and contrary to the received doctrine on this subject, that the parties may not provide for separate awards. I place my opinion in this case, in favor of the correctness of separate awards, on the meaning and true construction of the bonds of submission.
 

 The only remaining question is, whether the indorsement on the contract is an award in pursuance of the 'submission. The terms of the submission are, “ to hear all the proofs and allegations of and concerning the amount which has been actually paid upon a certain
 
 *463
 
 contract between the said Schroeppel of the one part, and the said Edward Ott and Joseph Ott, of the other part, of date March 1st, 1835, which in justice should he applied thereon, and indorse the amount so found on said contract.” On that contract, is an indorsement, signed by the arbitrators, bearing even date with their formal award on the other matter submitted, viz., 28th January 1843, in the following words: “The whole amount which has been paid, actually, on the within contract, up to the first day of January, in the year 1841, is, and by our award, amounts to, the *sum of five hundred thirty dollars and sixty-two cents.” In my judgment, this is an award, in substantial compliance with the submission; to hold the contrary, would do violence to common sense, and sacrifice substance to form. There are two objections made to it.
 

 1. It is said, the submission required the arbitrators to decide the amount actually paid on the contract, up to the date of the submission, viz., 28th December 1842. The answer is, that they have so decided; for, in the absence of an averment to the contrary, the court are bound to presume there were no payments made, nor any controversy between the parties, respecting any payments after the 1st January 1841. If,, in point of fact, there were no payments on the contract, after the first of January 1841, nor any question raised before the arbitrators, concerning any such payments, and that fact appeared, the award would be good. But the
 
 b
 
 rule is more favorable still to the validity oí Lre award. “ Everything is to be intended in favor of an award.” (Watson on Arbitration and Awards 122.) In accordance with this principle, it has been held, in this state
 
 (Case
 
 v.
 
 Ferris,
 
 2 Hill 75), that, “if there is nothing on the face of an award showing that it may not be rendered certain by matter extrinsic, the intendment will be, that it is certain, until the contrary be shown.” And on the very point under consideration, Spencer, J., in
 
 *464
 
 the case of
 
 Jackson
 
 v.
 
 Ambler
 
 (14 Johns. 106), states the rule in these words, “ for though the words of the submission be more comprehensive than those of the award, yet, if it do not appear, that anything else was in dispute between the parties, beside what is comprehended in the award, the award will be good.” This decision is decisive against the objection that the award is not as comprehensive as the submission.
 

 2. The other objection to the award is, that there is a witness to the signatures of only two of the arbitrators. The answer which the learned judge gave to this objec-^on’ *wkerL fhe case was before the supreme court on demurrer, is the true one. (4 Barb. 255.) It was, that
 
 “
 
 in law, the award not being attested as to the third arbitrator, was not his award; it was, in legal intendment, the award of the two who subscribed it, and. whose signatures were attested.” It should be noticed, however, in this connection, that the submission provided, that the award should be in writing, subscribed by the arbitrators, or
 
 any two of them,
 
 and attested by a subscribing witness. Hence, an attestation to the subscription of two of the arbitrators, is a full compliance with the requirement of the submission.
 

 Judgment reversed, without costs, and judg- ■ ment for the plaintiff, with costs, in the supreme court.