## Dan Daniels v. Volney A. Ripley.

Arbitrators must all be present at the execution of the award.

Where two of three arbitrators signed an award when the third was not present, and the third signed it afterwards when but one of the other two was present, it was held not a valid award.

*Heard April 23d and 24th. Decided May 27th.*

Error to St. Clair Circuit.

The action was brought by Ripley against Daniels, on an award signed by H. Chamberlin, John E. Kitton and Alexander Gilchrist, purporting to be made under a submission executed by said Ripley and Daniels, by which all matters in dispute between them were referred to "the decision and arbitration of Harmon Chamberlin, John E. Kitton and Alexander Gilchrist, or to any two of them." The questions arising on the trial sufficiently appear by the opinion.

*C. I. Walker* and *W. T. Mitchell* for plaintiff in error:

The award purporting to be made and signed by all the arbitrators, must be treated as the award of all. — 1 *Gilm.* 102.

To constitute it a valid award, it must be the joint act of all, at one and the same time. A several concurrence in the same result is not sufficient. This results from clearly established principles.

All the referees must joint in the award, unless it be specially provided in the submission that a less number may make it:—4 *Conn.* 50; 34 *Me.* 161; 7 *Ind.* 669; 6 *Johns.* 39. And even where less than the whole may decide, all must be present at a hearing, unless one wilfully absent himself, in which case an award of the others may be given:—1 *Metc.* 411; 30 *Pa. St.* 384; 3 *Sandf. S. C.* 405; 3 *A. & E* 245. And except in the case of willful absence, they have no power to do any act unless all be present. They cannot agree upon an award, nor execute it, nor even adjourn:— 2 *M. & G.* 351; 13 *M. & W.* 466; 5 *E. & B.* 404; 1 *C. B.* (*N. S.*) 695; 14 *B. Monr.* 292; 7 *Wend.* 534; 4 *E. & B.* 43.

The refusal to charge in this case, and the charge as actually given, substantially amount to this proposition of law: That if the arbitrators had come to a verbal understanding how the award should be, and had separated never to meet again, and afterwards a written award was drawn up, comformable with such verbal understanding, and was severally signed by them without further meeting or consultation, it was a good award. *This can not be law.* The verbal agreement is not an *award*, for that must be in writing. It was subject to alteration until signed. If they had met and consulted upon the award as drawn up, and had interchanged views upon it, and carefully considered it, they might never have signed it. It was not, therefore, their *joint* but their *several* award.

But the award, when two of the referees had met and signed it, even if void in itself, exhausted the power of the referees. And any subsequent award would be void; even an attempt to correct a mistake. — 8 *N. H.* 516; 3 *Greenl.* 85; 4 *Comst.* 375; 7 *Ind.* 672; 8 *East,* 54; 3 *Mich.* 527.

*R. P. Eldredge* and *A. B. Maynard* for defendant in error.

MANNING J.:

It being admitted on the trial by the plaintiff in error, who was defendant in the Court below, that the award was signed by two of the arbitrators in the presence of each other, but not in the presence of the other arbitrator, who signed it at a different place, and when the other arbitrators were not present—the award was offered in evidence and objected to, because it was not signed by all the arbitrators in the presence of each other. The objection was overruled, an exception was taken, and the award was received in evidence.

Again, among other things, the judge was requested to charge the jury that, if they should find that all the arbitrators were not together at the time the award was signed, it was no award. The Court refused so to charge, but did charge the jury that, if they should find that the award was the award agreed upon by the arbitrators when all were present, the signing of the award afterwards, by one of the arbitrators in the presence of one only of the two arbitrators who had previously signed it, and in the absence of the third arbitrator, did not vitiate the award, or render it void. The refusal to charge as requested and the charge as given were excepted to.

The question raised by these exceptions for our decision is, whether arbitrators, after they have agreed upon their award, must all be present when it is executed by them? By the words, *executed by them*, as here used, we do not mean that each must be present when the others sign their names, but that all must be present giving their assent to the award, if it has been signed by any of them before, when it is executed by the others.

In *Wade v. Dowling*, 4 E. & B. 43, and in *Moore v. Ewing*, *Coxe* (N. J.) 144, it was decided that the arbitrators executing the award must all be present when it

is signed by them, and that when it is signed by them at different times, and not in the presence of each other, the award is void. See also *Lord v. Lord*, 5 *E. & B.* 404, and *Beck v. Jackson* 1 *C. B.* (*N. S.*) 695. In *Maynard v. Frederick*, 7 *Cush.* 247, relied on by the defendant in error, the question did not arise and was not decided by the Court. The arbitrator who, after its terms were agreed on, drew up the award and signed it, was present when it was finally executed by the other arbitrator, who declined signing it at the time it was drawn up. This clearly appears, we think, from the statement of the case.

The reason of the law requiring the presence of all to make the award operative, seems to be twofold: 1st, It is necessary because the award is the joint judicial act of all, at which all who sign it must be present to give their joint assent. And, 2d, That an agreement on the terms of an award to be afterwards drawn up and signed, is not binding on the arbitrators, who may at any time thereafter, before it has been signed by them, modify or change it to supply an omission, correct a mistake, or make it conform to any change of opinion that may have taken place on further or more mature consideration. This is a right not only of the arbitrators, but of the parties who have submitted their differences to be decided by them.

But it was argued the award might be held valid as the award of two of the arbitrators. In *Ott v. Schrœppel*, 4 *Barb.* 255, the case chiefly relied on in support of the proposition, the submission required the attestation of a subscribing witness to the award. There was a witness to the execution of the award by two only of the three arbitrators, and the Court say "in law, the award not being attested as to the third arbitrator, was not his award. It was in legal intendment the award of the two who subscribed it, and whose signatures were attested." In that case the award, on its face, showed of which two of the arbitrators it was the award. It is not so in the

case before us. There is nothing on the face of the award showing it not to be the award of all three of the arbitrators. And if we could look into the evidence to ascertain of which two of the arbitrators it is the award, it would appear that Kitton was present when it was signed by Chamberlin and Gilchrist, but that neither of them was present when it was signed by the other. We could not therefore say it was the award of Chamberlin and Gilchrist, as neither was present when the other signed, and there would be no more propriety in calling it the award of Chamberlin and Kitton, than there would be in calling it the award of Kitton and Gilchrist. The judgment must be reversed, with costs.

The other Justices concurred.