---

## WELLS *vs.* LAIN.

A *parol* submission to arbitrators of a cause depending in court is good, notwithstanding the existence of a general rule of the court in which the cause is pending, that no agreement between the parties in respect to the proceedings in a case shall be binding unless reduced to the form of a rule, or the evidence thereof be in writing, subscribed by the party against whom the agreement is alleged.

ERROR from the supreme court. Lain sued Wells in the Yates common pleas, in an action of *slander*. After the cause had been at issue 20 months, the defendant put in a plea *puis darrien continuance*, that on, &c. the cause of action set forth in the declaration had been submitted to *arbitration*, praying judgment whether the plaintiff ought *further* to have or maintain his action. To which plea the plaintiff *replied*, denying the submission. On the trial of the issue thus joined, the defendant offered to prove a submission by *parol*. The plaintiff objected to *parol proof*, urging in support of his objection a standing rule of the court of common pleas, whereby it is pro-

vided that " no private agreement or consent between the parties or their attornies, in respect to the proceedings in a case, shall be binding, unless the same shall have been reduced to the form of a rule, by consent, and entered accordingly in the book of common rules ; or unless the evidence thereof shall be in writing, subscribed by the party or his attorney against whom the same shall be alleged." The common pleas overruled the objection and received the testimony, and the jury found a verdict for the defendant, upon which judgment was rendered. The *plaintiff* having obtained a bill of exceptions to be signed, removed the record into the supreme court,where the judgment of the common pleas was *reversed.* Whereupon the *defendant* sued out a writ of error, removing the record into this court. The following opinion was delivered upon the reversal of the judgment in the supreme court :—

*By the Court,* NELSON, J. The agreement to arbitrate the subject matter of the suit in the common pleas was inoperative and void under the rule of that court, which is a copy of the sixty-third rule of this court, and did not therefore support the issue presented under the plea *puis darrien,* &c. The court may repeal their rule, but while it remains in force they are bound to give it effect.

If this had been a referrible cause under the statute, there cannot be a doubt that an agreement to refer, like the one proved, would have been nugatory under the rule, and we can see no well founded distinction between the two cases. If the defendant had moved for judgment as in case of nonsuit for not trying the cause, it is plain the plaintiff could not have set up this parol submission in answer to such application. He would have been told by the court such an agreement was void under the rule of June term, eighteen hundred and thirty. Any objection to the form of the plea is waived by the replication.

Judgment reversed, *venire de novo* to Yates common pleas, costs to abide the event.

The cause argued here by

*R. N. Morrison,* for the plaintiff in error.

*S. Stevens,* for the defendant in error.

The following opinions were delivered :

By the CHANCELLOR. Even if the defendant's counsel had been right in supposing that a parol agreement to submit the matters in difference between the parties to arbitration was a legal discontinuance of the suit, though no award had been made in pursuance of such submission, he was totally wrong in supposing that a mere submission to arbitrators could be pleaded as a bar to the further continuance of the suit. A legal submission to arbitration and a valid award in pursuance of the submission, may be pleaded in bar of the further maintenance of a suit then pending for the same matters, although the agreement to submit should contain an express stipulation that the submission shall not work a discontinuance of the suit; unless the parties have also agreed that a judgment may be entered in such suit in conformity with the award; for, by the making of the award, the original cause of action is gone, and the party must thereafter be left to his remedy on the award itself. A mere agreement to submit to arbitration, however, is at most but a consent to discontinue the suit, or to take the cause out of court without costs to either party, leaving the plaintiff to commence his action *de novo* if no award shall be made by the arbitrators on such submission. And if the plaintiff afterwards attempts to proceed in the original suit, the proper remedy of the defendant is by an application to the court to stay the proceedings, on the ground that the suit is in fact discontinued and out of court. The legal effect, however, of this plea *puis darrein continuance,* in bar of the further maintenance of the plaintiff's suit, and of a verdict and judgment thereon in favor of the defendant, would be forever to bar the plaintiff's right of action for the alleged slander for which the original suit was instituted, and to charge him with the costs of the plea and of all subsequent proceedings, although the submission to arbitration should be afterwards revoked by

the defendant himself, or the arbitrators should refuse to act. The judgment of the court of common pleas was therefore clearly erroneous, and was properly reversed by the supreme court, even if this was the only error appearing upon the record. The issue joined being an immaterial one, and being found for the defendant, who committed the first fault in pleading, the judgment should have been arrested, or a repleader might have been awarded upon the application of the plaintiff; but in such a case, if the issue is found against the party who pleads an insufficient bar, the adverse party is entitled to judgment on account of the falsity of the insufficient plea. *Chamberlayn* v. *Nicholas, Cro. Eliz.* 455. 5 *Coke R.* 43, *a, S. C.* 2 *Tidd* 920, *9th Lond. ed.* It becomes necessary therefore, in this case, to examine the question, whether it was competent for the defendant to sustain his plea by proof of a parol agreement to discontinue the suit by a submission to arbitration, as the awarding of the *venire de novo* was erroneous if the issue was properly found for the defendant; and as no repleader could be awarded upon a writ of error, where it had not been asked for in the court below, there should in that case have been a simple judgment of reversal, with costs, leaving the plaintiff to seek his remedy by a new action; but if the objection to the introduction of parol testimony to prove the submission to arbitration was inadmissible, then a *venire de novo* was properly awarded, to enable the plaintiff to falsify the plea and to have his damages assessed by the jury for the slanderous words charged. The declaration in that case would stand confessed, the former plea in bar being waived by the plea *puis darrein continuance.* 1 *Chitty's Archbold,* 288 *Freem. Law R.* 252.

I think the supreme court decided correctly, in holding that the rule of the Yates county common pleas precluded the defendant from giving proof of a mere parol agreement to submit to arbitration, to sustain the allegation in his plea. Where the existence of an agreement which is required to be in writing is put in issue, the party claiming the benefit of such agreement must establish its existence by written evidence, or he will fail. *Conine* v. *Graham,* 2 *Paige* 181. There is nothing in a mere agreement to submit a matter to arbitration which must of necessity have the effect to discon-

tinue a suit brought for the same matter. A valid submission may be made, leaving the suit in full life, provided it appear from the agreement itself that such was the intention of the parties. A general agreement to submit to arbitration operates as a discontinuance merely from the implied understanding of the parties, that the suit is to be no further prosecuted. It is material, therefore, to ascertain in such cases what was the precise agreement between the parties, and whether it was not a part of such agreement that the plaintiff should be permitted to proceed in the suit if the defendant should think proper to revoke the submission, or the arbitrators should neglect to make their award within the time fixed by the parties in their submission. It is very certain, therefore, that all the evils of conflicting affidavits and misapprehension of facts, which were intended to be guarded against by the rule of the court, will be found to exist in relation to such an agreement respecting the proceedings in the cause. A general agreement to submit to arbitration is clearly an agreement in respect to the proceedings in the cause ; for it is the implied agreement to discontinue, and that only which can have the legal effect of putting an end to the suit. It is therefore within the letter as well as within the spirit of the rule.

Again ; I am strongly inclined to think that the provisions of the seven first and of the three last sections of the title of the revised statutes relative to arbitrations, 2 *R. S.* 541, are applicable to all arbitrations, whether the parties agree in their submission that a judgment may be entered on the award or otherwise ; but that no judgment can be entered summarily, upon an award of arbitrators, in pursuance of an agreement to that effect contained in the submission, except in the manner and subject to the restrictions contained in the eighth and the thirteenth succeeding sections. The former statute on this subject, 1 *R. L. of* 1813, *p.* 125, was only intended to apply to a particular class of cases, where the parties agreed that their submission should be made a rule of court ; but the legislature, in the recent revision, has materially changed the phraseology of the statutory provisions on the subject of arbitrations ; and the revisors, by these new provisions, appear to have intended to adopt a code of procedure for these domestic

tribunals which should be applicable to all cases of submission to arbitration ; presenting at the same time the distinction between those cases in which the parties intended to secure the right of resorting to a summary proceeding by judgment to enforce the award, and those in which they were satisfied with a reliance upon the common law remedy by action of debt upon the award, or a suit on the bond or agreement of submission. Among the provisions which I think were intended to be general, and to apply to all submissions to arbitration, is that contained in the first section, which only authorizes a submission by an instrument in writing, or a written agreement, containing a specification of the subject matter of the submission and the terms upon which the submission is made. If I am right as to the construction of these provisions of the revised statutes, the parol agreement to take this cause out of court and to submit it to arbitration was invalid, without reference to the rule of court requiring agreements as to the proceedings in a suit to be in writing. In any view which I have been able to take of this case, the judgment of the supreme court, reversing that of the common pleas, is correct and should be affirmed.

By Senator EDWARDS. This was an action of slander, pending in the court of common pleas of Yates county, at the time the revised statutes went into operation ; but the agreement to submit the cause to arbitration, which is plead *puis darrein* continuance, was entered into since that time, to wit, on the fifth of September, 1831. The subject matter in controversy betweeen the parties might have been submitted under the provisions of the revised statutes, and had it been so submitted, in order to make the submission obligatory on the parties, it must have been in writing. 2 *R. S.* 541, § 13, 542, § 8. But it appears from the manner in which the parties entered into the agreement to submit to arbitration, by their not reducing their submission to writing, or making any provisions for entering up judgment, they chose not to enter into a submission under the provisions of the revised statutes ; nor were they under any obligation so to do. The revised statutes have not changed the law in relation to submitting

matters in controversy to arbitration, except in cases where

the parties enter into a submission in pursuance of the provisions they contain. They do not declare all other submissions void ; nor do they affect a parol submission ; such a submission is as valid as it ever was. What is the effect of submitting a cause not referrible under the statute to arbitration ? it amounts to a discontinuance of the cause. *Camp* v. *Root*, 18 *Johns R.* 23.. *Ex parte Wright*, 6 *Cowen*, 399. An agreement to submit a cause pending, which might be submitted under the statute, has precisely the same effect, although not brought to a hearing, or any award made. *Larkin* v. *Robbins*, 2 *Wendell*, 505. And the reason is obvious ; it is because the parties have taken it from the tribunal constituted by law, and by their own voluntary act, chosen a new forum to decide their controversy ; and no statute law has prohibited them from so doing. The question, then, is, was this act of the parties, in taking the cause out of the tribunal constituted by law, and referring it to a tribunal which they, by their agreement constituted to determine their cause, (which act amounted to a discontinuance,) a *proceeding in the cause* in the court where it was pending ? If it was, then the rule of the common pleas applies, and the agreement is void ; but if it was not a proceeding in the cause in that court, then it does not come within the rule, and the agreement is obligatory on the parties. For it must not only be a proceeding, but it must be a proceeding in the cause in that court, for the rule could be binding no where else. I cannot bring my mind to the conclusion that it is a proceeding in the cause in the court where the rule is operative ; and I liken it to a case where the parties agree to settle a cause. Surely a settlement would not be considered a proceeding in a cause in the court where it was pending, but instead of a proceeding, it is a discontinuance of the cause before that tribunal. So in this case, instead of a proceeding, it is an agreement which stops the proceedings in the cause in that court which is governed by the rule, and places it in another tribunal, in which the rule does not operate. As the agreement, therefore, to submit this cause to arbitration, was not a proceeding in the cause within the rule of the court of

common pleas of Yates county, it was obligatory on the parties, although not in writing, and the plea was valid. I am for reversing the judgment of the supreme court.

By Senator MAISON. I agree with the supreme court, that the court of common pleas may repeal their rule; but while it remains in force they are bound, in my judgment, to give it effect. It is perhaps well that this opportunity is offered, to correct an opinion which has in some measure obtained, that a court of common pleas may alter their rules, to meet the matter or cause under consideration, and dispose of it as they please, without any regard to the rule. This often times works great injustice, and should not be tolerated; the rules of a court are the law of the court, and courts have no right to alter their rules to meet or affect any particular matter then under consideration; but every question is to be determined by the rules as they exist at the time the question arises, as much so as if the rule was a positive legislative enactment. If they find the rule to be inconvenient, after disposing of the matter or cause affected by the rule, they may alter or modify it as they shall see fit. The object of the rule of the common pleas, which is a copy of the 63d rule of the supreme court, was as well to save the time of the court in ascertaining whether any agreement had been made between the parties, or their attornies, and the precise terms of the agreement, as to prevent an accumulation of costs, consequent to the drawing of papers to establish or explain the agreement, and to put an end to all prevarication or misapprehension between the parties to it. Such being the inducements to the adoption of this rule, it appears to me that it relates only to agreements made in a cause, which is in a state of progression in court; as soon as the cause is out of court, there is nothing upon which the rule can operate.

Parties may, by parol, submit any matters in controversy between them to arbitration; this is the common law of the land, and cannot be repealed by the standing rule of any court. Nothing short of an act of the legislature can regulate or take away this right; and the legislature has interposed only so far as to say, that no claims in fee or for life to real estate shall be submitted to arbitration. These parties, then, having a right to sub-

mit this matter to arbitration, and having agreed to do so, the suit is discontinued in court, and this, whether any measures have been taken before the arbitrators or not; it is no longer in court, and the court has no further power or control over it. Such was declared to be the law in the case of *Larkin* v. *Robbins,* 2 *Wendell,* 505, and I see no good reason to disturb it.

The court of common pleas were correct in deciding, that the agreement to submit to arbitration could be proved by parol, and the supreme court erred in deciding otherwise. The judgment of the supreme court should therefore be reversed.

By Senator TRACY. I see no force in the argument urged for reversing the judgment of the supreme court, that the court of common pleas having adopted the rule, the application of which is here the question of controversy, is therefore the best, if not the exclusive judge of its true construction and effect. The rule has its origin in the supreme court, and existed there many years before it was adopted by the court of common pleas of Yates county, and might properly be deemed to be adopted with the constructions given to it by the higher court, from which it was borrowed. But it is not on this ground, but on that of the general power of the supreme court to supervise and review all proceedings of inferior courts, that its authority and judgment are to be deemed paramount to that of a court of common pleas, even as to the construction of its own rules, and the order and regularity of its proceedings. It is said no case can be found of a judgment of a subordinate tribunal reversed for misconstruction of its own rule. But I apprehend such cases are of every day occurrence; not perhaps on writs of error, because the nature of the judgment might not allow its being brought up in such form, but on mandamus and other applications. But while I am satisfied of the right of the supreme court to review the construction given by the common pleas to its own rule, I am not satisfied of the correctness of its judgment in applying the rule to a case like the present.

Here was an agreement between the parties to arbitrate the subject matter of their suit. The arbitrators were designated, and the time and place for their meeting agreed upon. It is

not doubted that a parol submission in ordinary cases is valid, nor that a valid submission discontinues a suit; but the only point of dispute is whether a submission to arbitration of the subject of litigation is to be deemed such a *proceeding in the cause* as that the agreement for it must be " in writing, and subscribed by the party or his attorney;" or, in other words, what does the rule mean by " proceedings in a cause?" Construing a proceeding to be any action in a cause intervening its commencement and its final determination, which certainly would be allowing to the expression as broad a signification as can be asked for it, there still would be difficulty in bringing this case within it; for it is not easy to show how submitting a matter to arbitration is *a proceeding in a cause,* inasmuch as there is not required, in any way, the interposition of the court to give to the act or agreement its full force. And in this is the distinction between a submission by parties in a suit to arbitration, and the case put by the supreme court of a reference under the statute, and the stronger case put by the counsel of an agreement to discontinue. A reference under the statute is strictly a proceeding in the suit, for notwithstanding an agreement by the parties, it must have also the sanction of the court to the agreement, and is, besides, but a different mode of trying the cause before the court; and so an agreement to discontinue a suit contemplates and requires the judgment or decision of the court upon that agreement. But a submission to arbitration is not merely an agreement to discontinue, but is, *eo acto,* a discontinuance, which requires no subsequent interposition of the court to give it effect. Thus, if the submission in the present case had been in the common form by mutual bonds, it could not be doubted that its effect would be the same as a release under seal, or an accord and satisfaction. Now, as it must be conceded that a parol submission is as effectual as one under seal, it follows that such a submission is no more to be deemed a proceeding in a cause, and no less to be deemed a final determination of the cause, than would be a release under seal, or an accord and satisfaction. The fairness of this conclusion is tested by this consideration: suppose in the present case, that the submission had been carried into effect, and an award had been made in favor

of the plaintiff below of a sum of money which had been paid to him by the defendant ; would this discontinue the suit ? it would not, if the conclusion of the supreme court is correct, that the submission was a proceeding in the cause, and void, under the rule of the court, for not being in writing.

It is too late, after taking issue, and going to trial on it, to object that the plea *puis darrein* concluded *in bar,* when it should have concluded *in abatement.* It might have been good cause for demurrer, but I do not see how this court can now take notice of the informality. I am almost sorry it cannot, for the effect of the form pursued to ascertain the fact of the discontinuance of the suit, has been probably to give the defendant below the costs of his whole litigation, when the effect of a discontinuance by agreement being to leave each party to pay his own costs, the defendant, at most, should have recovered no more than the costs subsequent to the submission. But I see no way to remedy this now, nor any alternative for reversing entirely the judgment of the supreme court.

On the question being put, *Shall this judgment be reversed ?* the members of the court voted as follows :

*In the affirmative*—The PRESIDENT of the Senate, and *Senators* BEARDSLEY, BECKWITH, CROPSEY, EDMONDS, EDWARDS, FISK, LACEY, LANSING, LOOMIS, M'DOWELL, MACK, MAISON, TRACY, VAN SCHAICK—15.

*In the negative*—The CHANCELLOR and *Senators* ARMSTRONG, DOWNING, GANSEVOORT, HALSEY, JONES, MACDONALD, WILLES—8.

Whereupon the judgment of the supreme court was RE-VERSED.