### DUNN v. SUTLIFF.

Surety for costs in a justice's court, in case of appeal, is liable for costs in the appellate court.

A submission to arbitration of the subject matter of a suit is a discontinuance of the suit, and discharges the surety for costs.

CASE reserved from Wayne Circuit Court. Assumpsit. Defendant became surety for costs in a justice's court for one James Sutliff, in a suit brought by Sutliff against Dunn, the plaintiff. Sutliff recovered judgment for $40 damages and $13..20 costs, before the justice, and Dunn appealed to the circuit court. Pending the appeal, the parties entered into an agreement to submit the subject matter of the suit to arbitrators, under the statute, and the arbitrators, after hearing the parties, awarded, " they found for Dunn judgment for costs." Judgment was afterwards rendered by the circuit court on the award, in favor of Dunn for his costs, and an execution was taken out on the judgment and returned unsatisfied. These facts appearing on the face of the plaintiff's declaration, the defendant demurred, and assigned as causes of demurrer : 1st. That the security taken before the justice did not follow the case on appeal into the circuit court. 2d. That the judgment before the justice in favor of James Sutliff discharged the surety. 3d. That if the security followed the cause into the appellate court, the arbitration discharged the liability of the surety. The plaintiff joined in demurrer, and the questions arising upon the record were reserved for the opinion of this court.

*Backus*, in support of demurrer.

*Harbaugh*, contra.

*By the court*, WHIPPLE, J. The first question to be determined is, whether the security taken before the justice, followed the case on appeal to the circuit court. This question must depend upon the construction of the 68th sec. of the Justice's Act of 1841, which is in these words: " Any justice of the peace may in all actions, either before or after issuing of process, require, at his discretion, security of the plaintiff

for costs; and the person giving such security shall sign a memorandum in writing to that effect, which the said justice shall keep as a part of the record in the case; and in all cases non-resident plaintiffs shall give such security before process shall issue." It seems to me quite clear, that the security contemplated by this section embraces all costs which the defendant may recover, either before the justice or on appeal to the circuit court. The statute does not limit the responsibility of the surety to costs which may be recovered in the justice's court; and we see no reason for restricting the general language in which the statute is couched. The surety, when he contracts the obligation contemplated by the statute, is fully advised that the judgment of the justice is not conclusive of the rights of the parties, and that the cause may be reviewed upon appeal. The appeal, under our statute, takes up to the appellate court the same cause, and is a re-hearing of the cause upon the merits: it is in the nature of a new trial, and the same reasons which require security for costs in the justice's court, apply with equal force to the costs recoverable at the circuit, upon a re-hearing.

The second cause of demurrer is, that the security was discharged by rendition of a judgment in favor of the plaintiff, before the justice. If we are right upon the first question, this cause of demurrer is not well taken.

The third case of demurrer asserts, that the reference of the subject matter of dispute between the parties, to arbitrators, under the provisions of our statute, discharged the security. We are of opinion that the legal effect of such a reference was to discharge the surety from his contract. The reference of the suit and of the matters in controversy between the parties, to arbitrators, operated as a legal discontinuance of the cause. By such a reference, the cause was withdrawn from the circuit court, and the whole controversy was committed to a tribunal selected by the parties. To extend the liability of the surety to costs that may be awarded by the arbitrators, would be to enlarge the contract of the surety, which was limited to such costs as might be recovered against his principal, either before the justice or in the circuit court, in the cause originally commenced before the former. The error of the counsel of the plaintiff consists in supposing that the judgment was rendered in the *cause* which was pending in the circuit court, when, in

point of fact, no *cause* was pending after the agreement to refer to arbitration.

Our Rev. Statutes did not re-enact the provisions of the act of 1833, which authorized the reference, by rule of court, of causes pending in courts of record. If that provision had been retained, and the cause which was pending at the circuit had been referred to referees by a rule of court, then the reasoning of the counsel would have been pertinent. The judgment rendered by the circuit court upon the report of the referees, would have been a judgment *in the cause* originally commenced before the justice, and the liability of the surety would have been unquestionable. As the matter is presented in the declaration, it is manifest that the judgment in the circuit court was not rendered in the cause so commenced, but upon the award of the arbitrators, made and returned to the circuit court under the provisions of our statute.

If our views be correct upon this point, it becomes unnecessary to express any opinion upon the other questions raised by the demurrer.

It must be certified to the circuit court of the county of Wayne, as the opinion of this court, that the demurrer to the plaintiff's declaration should be sustained.

*Certified accordingly.*