Vanderhoof v. Dean.

## VANDERHOOF v. DEAN.

D brought a suit in attachment in the county court against V, who appeared and moved to quash the attachment for an alleged defect in the affidavit on which the attachment was issued, which motion was denied. Issue was then joined, and the subject matter of the suit was afterwards submitted by the parties under the statute (R. S., ch. 129), to arbitrators, who made an award in favor of D, on which a judgment was rendered by the court. V brought error, and insisted on the supposed defect in the affidavit as a ground for reversing the judgment. *It was Held,*

1. That the submission of the subject matter of the attachment suit to arbitrators was a discontinuance of the suit.
2. That as the court had power under the statute to render judgment on the award of the arbitrators, that part of the record anterior to the submission might be rejected by the court.
3. That the submission was a waiver of all errors up to the time of making it.

ERROR to Wayne Circuit Court. A suit in attachment was brought by Dean against Vanderhoof, in Wayne county court, in December, 1847, and on the return of the writ of attachment a motion was made to quash it, by Vanderhoof, for an alleged defect in the affidavit on which it issued, which motion was denied. Issue was thereupon joined between the parties, and the cause continued, from time to time, until the 21st April, when an agreement was entered into submitting all matters involved in the suit to the award of arbitrators selected by the parties, and a submission was drawn up and acknowledged by them before an officer authorized to take the same. On the 2d May the arbitrators made their award, which was on the same day filed in court, awarding to Dean the sum of $89 52; and on the 18th July, on motion of Dean's attorney, a judgment was rendered in her favor on the award. Vanderhoof carried the case by certiorari to the circuit court, which affirmed the decision of the county court, and to reverse these judgments the present writ of error was brought by him.

*Bishop*, for the plaintiff in error.

*Harvie*, for the defendant in error.

*By the court*, WHIPPLE, C. J. The error assigned in the circuit court was founded on the decision of the county court, denying the

motion of the plaintiff in error to quash the writ of attachment. The error assigned in this court presents the same question.

From the view I have taken of this case, it becomes unnecessary to determine whether the decision of the county court, and the affirmance of that decision by the circuit court, upon the motion to quash the writ of attachment, was right or wrong: that question, in my opinion is not properly before us for adjudication.

Issue having been joined, the parties thought proper to refer the subject matter of the suit to arbitrators. A written stipulation to that effect was entered into between them, and was duly acknowledged before a proper officer.

What was the legal effect of this act of the parties? It was clearly to withdraw the suit from a tribunal constituted by law, and refer the matter in controversy to the determination of a domestic tribunal of their own creation. Our statute has authorized parties to submit any controversy which might be the subject of an action at law or suit in equity (with few exceptions), to the decision of arbitrators; and when thus submitted under the regulations provived by the statute, judgment may be summarily entered on awards. If a controversy exists between persons, either is at liberty to appeal to the tribunals established by law for its determination, or, both consenting, its adjustment may be referred to judges of their own selection.

In the case before us, the defendant in error, Mrs. Dean, resorted to the county court for the recovery of a sum of money which she claimed was honestly due her from the plaintiff in error, who controverted this claim. The issue having been made up, the parties thought proper to avail themselves of the provisions of our statute, and agreed to submit the controvesy between them to the determination of three arbitrators. By this act the forum in which the cause was to be heard and determined, was changed: thenceforth, by the implied assent of the parties, it was no longer pending in the county court. No proceeding on the part of the court was asked for, or required to give validity to the act of the parties. The agreement to submit a cause pending in court to arbitrators, operates as a discontinuance of the cause in court, as effectually as if a rule to that effect had been entered under the sanction of the court; and this results from an implied understanding that, having made choice of another tribunal provided by law in which to litigate

the matters in controversy between them, they will no longer prosecute the suit in the public tribunal in which it may be pending. And this implication seems reasonable and just; otherwise two or more suits may be pending in different courts at the same time, involving the same subject matter: this the law will not tolerate.

In the case of Wells v. Lain, 15 Wendell 99, Chancellor Walworth admits, that " a general agreement to submit to arbitration operates as a discontinuance, from the implied understanding of the parties tha the suit is to be no further prosecuted." He was of opinion, however, that " a valid submission might be made, leaving the suit in full life provided it appears from the agreement itself that such was the intention of the parties." No case is cited, and none, it is believed, can be found in support of this proposition. It was repudiated by the court of errors, as will be seen by reference to the opinion of other members of the court in the same cause. Senator Tracy, in delivering his opinion, uses this language: " Here was an agreement between the parties to arbitrate the subject matter of the suit." " It is not doubted that a parol submission in ordinary cases is valid, nor that a valid submission discontinues the suit." Again: " A reference under the statute is strictly a proceeding in the suit;" " but a submission to arbitration is not merely an agreement to discontinue, but is, eo acto, a discontinuance which requires no subsequent interposition of the court to give it effect." The language of Senator Maison is equally clear: " These parties, then, having a right to submit this matter to arbitration, and having agreed to do so, the suit is discontinued." The same doctrine is maintained by Senator Edwards.

The case of Larkin v. Robbins, 2 Wendell 505, is also in point Mr. Justice Marcy, in that case, held, that " the submission of a cause to arbitration, the arbitrators never taking or consenting to take upon themselves the burden of the submission, operates as a discontinuance of a suit pending in court." See, also, opinion of Parker, Ch. J., 17 Mass. 603; 1 Wendell 314, 516; 6 Cowen 399.

Applying the principle I have been endeavoring to establish to the case before us, I think enough appears on the record to support the judgment of the circuit and county court. The statute in relation to arbitrations appears to have been literally complied with: 1, there was a written submission; 2, that submission was duly acknowledged by

the parties before competent authority; 3, an award in writing was made by the arbitrators; 4, judgment was entered for the amount specified in the award. It is said that the county court and the parties treated the agreement to submit as a proceeding in the cause. Such, I have no doubt was the fact; but this circumstance cannot affect the legality of the judgment, provided enough appears on the face of the record to support it. The county judge undoubtedly erred in treating the report of the arbitrators as an award made in a cause then pending in court, instead of an award made under the statute, and upon which he was authorized to render a judgment. But this court, in considering the case, may reject so much of the record before them as embodies the proceedings of that tribunal anterior to the report of the arbitrators. The error of the county court can in no respect affect the validity of the judgment on the award.

It was argued, that, as by the agreement of the parties to refer the cause to arbitration, the award to be made was to have " the effect of a verdict, and that judgment might be rendered on said award as upon a verdict," the obvious intention of the parties was to retain the cause in court, and that the plaintiff in error is therefore, permitted to assign errors upon any part of the record. Admitting that the views of Chancellor Walworth are right, as expressed in the case of Wells v. Lain, I am clearly of the opinion that this part of the agreement would, of itself, operate as a waiver of all errors up to the date of the submission. It would seem inconsistent with good faith, that the defendant below should be permitted to allege irregularities in the proceedings in the cause, after he had consented to refer the cause to arbitration, and authorized the court to render judgment in case the award should be against him. I think such an act would operate as a waiver of all errors, and that the defendant is estopped from alleging any that may have crept into the proceedings previous to the date of the submission.

It was also intimated, that the agreement to arbitrate was not within the statute, inasmuch as the award was to be considered in the light of a verdict. We have had occasion to determine, at the present term, that unless a submission is within the statute, the summary mode of enforcing an award by a judgment would be unauthorized. I cannot, however, regard this part of the stipulation as impairing the authority of the county court to enter judgment on the award. Under our statute,

the award of the arbitrators may be · likened to the verdict of a jury. In the one case, we have the judgment of three persons selected by the parties; in the other, the judgment of twelve persons selected in the manner provided by law. The judgment in the one case is called an award—in the other a verdict: in both cases, however, the county court have the authority, unless upon good cause shown, to render its judgment. The intention of the parties in introducing this clause in the agreement, is perfectly obvious: it was, in the language of the stipulation, "that judgment might be rendered on said award in said cause as upon a verdict." This was unnecessary; the statute gives express authority to "render judgment in favor of the party to whom any sum of money or damages shall have been awarded, that he recover the same." The court are, therefore, authorized to reject, as immaterial, this part of the agreement.

It follows, that the judgment of the circuit court must be affirmed.

*Judgment affirmed.*