By the Court,
Garvin, J.
This was an action brought by the plaintiffs to recover of the defendants $1502.32 with interest from August 16, 1862, claimed to be due on a charter of the barque Sophia, by the defendants and awarded to the plaintiffs by Benjamin A. Mumford, Esq. who was an arbiter chosen by the parties, who made an award in favor of the plaintiffs and against the defendants for $1502.32. At the trial the court directed the jury to find a verdict for the plaintiffs, and ordered the exceptions to be heard in the first instance at the general term, and that in the meantime the judgment be suspended. The verdict was for $1640.20.
The parties to this action selected their own tribunal for the adjustment of their differences. The submission seems to be pretty clearly established, and that both parties put before the arbitrator statements in regard to their respective claims. The arbitrator made his award, of which the defendants had notice.
There are several objections and exceptions taken by the defendants on the trial to the award and the plaintiffs’ right to recover thereon. The first is that the award is void, because it omits to pass upon all the matters submitted; and the particular matter alleged to have been omitted is a claim for allowance for some thirty three tons of merchandise which they desired to ship in place of powder taken from the vessel by order* of the government. It is. true that the arbitrator does not mention this claim in the award; nor was it necessary he should do so, provided his decision embraced it. The result in this case disposed of all the matters submitted. The arbitrator recites that he has “read the statements of the parties, and the exhibits presented by each, and heard their verbal statements. I therefore give as my opinion and do hereby award,” &c. In going over several facts in the case he does not méntion it. His reasons for thus rejecting it we cannot inquire into. The arbitrator gives a result. The award would have *498 been entirely valid if he had simply awarded a sum of money, without assigning any reason therefor. It is quite clear that this award was made of and concerning the matters submitted, from the language employed in its commencement and termination, and therefore it must be presumed that he did his duty, until it is proved that he neglected or refused to decide upon all the matters put before him. (Ott v. Schroeppel, 1 Seld. 482, and cases there cited.) If the arbitrator had stated in his award that he had not taken this claim into account, then it would have presented a different question, Without such a statement, and in the absence of any proof upon the subject, we must construe the award as a decision to reject this claim of the defendants.
Again: it is said the arbitrator undertook to pass upon a claim which the defendants did not make. The claim not having been made and not having been allowed or used to increase or diminish the defendants’ claims, but rejected, it leave's the defendants in the same position as if he had not passed upon it.
It is claimed that the conduct of the arbitrator was grossly partial. Even if he had been guilty of corrupt misconduct it would not be a competent inquiry in an action upon the award. (Dater v. Wellington, 1 Hill, 320.)
It is further insisted, that the defendants did not have notice of the time and place of meeting before the arbitrator. It is a rule of law, that each party must have an opportunity to be heard, in the presence of each other, and have reasonable time to bring forward their witnesses, and examine them in the presence of the parties, unless there be something in the terms of the agreement, of submission, or statement of -the parties declaring or clearly importing a different understanding.
The defendants say, in their statement of facts submitted to the arbitrator, “ If there is any doubt on the matter of the powder, of the government’s intervention without notice, of our having shipped powder before without objection on the part of the government, or our liability op this point, we desire to be head'd f urther.”
*499 There is no statement in the award indicating that there was “ any doubt” in the mind of the arbitrator about the powder, or upon any of the subjects mentioned in the defendants’ statement upon which they desired to be heard. The defendants, it would seem, intended to convey the idea to the arbitrator that unless there were doubts in his mind upon these particular points, they did not wish, to be heard any further after they had put in the statement of their claims. The defendants had notice from the arbitrator of the hearing, and appeared; the plaintiffs also appeared ; both statements were submitted; no witnesses were produced on the part of the plaintiffs, and nothing was said in regard to witnesses by them. The defendant Jewett testifies, that he spoke of calling witnesses in regard to the powder, and of calling witnesses generally in regard to the claim of the defendants. There can be no doubt, from the conduct of both parties, the action of the arbitrator, and the written statement of the defendants, that the original intention of the parties was to submit their respective statements to the arbitrator, and abide his decision' thereon without witnesses. It is also to be remembered, that the neglect or' refusal of the arbitrator to hear witnésses for the defendants, is not set up in the answer. Several grounds are enumerated in the answer impeaching the award, but this is not among them. We are of opinion that this ground, not having been taken in the answer, could not be taken at the trial, and is not available now. All presumptions and intendments are in favor of the award. The defendants must point to the grounds impeaching it in their answer, and they are confined to those; otherwise, the other party has no notice of what he is to meet and controvert. To meet the case made in the plaintiffs’ complaint by uew matter constituting a defense, it must be set forth, plainly in the answer. (Code, § 49, sub. 2.) The defendants, in their answer, admit the award, but say it is void. It devolves upon the defendants to point out wherein. This must be*done in the answer, otherwise evidence impeaching the award would be outside the issue. The submission in this case was not under the statute, and left the parties at liberty to proceed as they *500 should deem proper, without the power, however, in the court to enforce, modify, vacate, or correct the award in the manner pointed out by the statute. (2 R. S. 541.) It was a common law submission, which they- had a right to resort to. (15 Wend. 99. 2 Hill, 271.) The parties cannot have the aid of the statute, not having conformed to its provisions. We have looked in vain for any exception or ground of objection which would authorize us to interfere for the defendants, and must hold that the plaintiff is entitled to an order for judgment upon the verdict in this action, and that the exceptions, on the part of the defendants, are not well taken, and must be overruled, with costs.