PETER L. RYNEARSON v. SYLVESTER FREDENBURG, ADM'R OF THE ESTATE OF BENJAMIN ATWOOD.

*Bond conditioned on consent to dissolution of injunction—Right of administrator to sue on bond to his intestate.*

A bond given by the defendant in foreclosure to the complainant, and conditioned to pay any decree that might be obtained, if complainant would consent to the dissolution of a preliminary injunction issued in the case, is valid.

A bond conditioned to pay any decree obtained in a specified suit, applies to the final decree obtained in the appellate court, and is not avoided by an appeal, nor superseded by an appeal bond designed merely to cover costs.

A bond conditioned on paying any decree that may be obtained in a foreclosure proceeding is not discharged by a sale of the mortgaged premises for less than the amount of the decree.

Where a bond is drawn to the obligee, " his heirs and assigns," his administrator can bring suit upon it, and the bond need not contain formal words giving him the right to sue.

Where an obligor in a bond conditioned to pay any decree that might be obtained in foreclosure proceedings, was not fraudulently induced to sign it by the obligee, he cannot be released on the ground that he did not know of prior incumbrances when he signed it, nor by the fact that it remained undischarged and that the obligee refused to indemnify him against it in case he bid upon the premises in suit.

Error to Kalamazoo.    Submitted October 29, 1879. Decided January 13, 1880.

Assumpsit on a bond.    Declaration was filed under the statute, setting forth the conditions of the bond and assigning a breach according to the facts.    Plaintiff recovered judgment, and the defendant brings error.

*Dallas Boudeman* for plaintiff in error.    Injunctions must be dissolved unconditionally if they ought not to have been granted, *Moser v. Polhamus*, 4 Abb. Pr. (N. S.), 442, and if a bond is required as a condition thereto, it is void, *Benedict v. Bray*, 2 Cal., 251; a bond conditioned upon a trial differing from ordinary modes of judicial proceeding, is void and without consideration, *Gittings v. Baker*, 2 Ohio St., 21; but if a bond conditioned to pay a certain decree is valid, it cannot be enforced if the party entitled to rely on it elects to pursue his remedy on the decree, *Porteous v. Snipes*, 1 Bay (S. C.), 215; it would be superseded by an appeal bond and the extension of time of payment would release the sureties, *Winston v. Rives*, 4 Stew. & Por. (Ala.), 269; *Justices v. Selman*, 6 Ga., 432; *Lewis v. Armstrong*, 47 Ga., 289; *Barnes v. Mott*, 64 N. Y., 397; Brandt on Suretyship, § 421; and if on appeal the amount of the decree is reduced, it shows that there was never any right to an injunction for the purpose of enforcing it, and that a

bond conditioned for the dissolution of the injunction
would be void, *Palfrey v. Portland etc. R. R.*, 4 Allen, 55.

J. M. *Edwards* and *Thos. R. Sherwood* for defendants
in error, as to the sufficiency of the consideration of the
bond, cited *St. Joseph County Supervisors v. Coffenbury*, 1
Mich., 355; *Johnson v. Laserre*, 2 Raym., 1459; *U. S.
v. Tingey*, 5 Pet., 115.

MARSTON, C. J.  Benjamin Atwood conveyed by war-
ranty deed to Jesse Turner certain premises upon which
there was a water-power, a saw and grist mill, and
received back a mortgage thereon to secure the purchase
price thereof.   He afterwards commenced proceedings in
chancery for the foreclosure of this mortgage, and upon
certain charges made in the bill, as to the manner in
which the property was being used to the impairment of
his security, obtained an injunction restraining the de-
fendants from the use and occupation of said mill.

On the 5th day of December following, the defendants
in said cause, with Rynearson and others, executed a
bond, being the one sued upon and here in question, to
the complainant, his heirs and assigns, in the sum of
$5,000, reciting therein the pendency of such foreclosure
proceedings, and the issuing of said injunction, and recit-
ing that "the said Atwood agrees to consent to the dis-
solution of said injunction, and to the use and operation
of said mill and premises in the same manner as before
said injunction by said Turners, upon delivery to him of
this bond."   The condition of the bond was that if the
obligors should pay Atwood the amount of any decree
he might recover in such chancery suit, the bond should
be void.

On the 12th day of December an order was entered
in said chancery case, in open court, reciting that a
motion was made to dissolve the injunction, based upon
an answer and certain affidavits, together with this bond,
and the counsel for the respective parties being present

and consenting, it was ordered that on delivery of this bond the injunction be dissolved.

A decree was afterwards obtained by the complainant, the defendants Turner appealed, and in this court the amount of the decree was very materially reduced, and the cause remanded to the court below, where a decree was entered in conformity with the order of this court. Under this decree the mortgaged premises were sold for a sum less than the amount of the decree, and the administrator of Atwood afterwards brought an action upon this bond to recover the deficiency, and recovered a judgment. Rynearson assigns error.

It has been urged that there was no evidence that the bond was ever delivered or that Atwood consented to the dissolution; that the bond was not one required either by the practice of the court or by statute, and that it could not be considered a voluntary common law bond; that the court must have dissolved the injunction or refused so to do, irrespective of this bond, and could not grant an order dissolving the injunction on delivery of this bond.

No question is made but that the injunction stood dissolved in fact, and that the Turners used and operated the mill thereafter. The bond recites that Atwood had agreed to consent to the dissolution of the injunction upon delivery to him of the bond, and the order of the court in connection therewith does show that Atwood did consent to dissolution because of this bond. Whether this bond was one required by the statute or practice of the court or not, it would seem clear that the parties could agree to give and receive such security. No rule of law or of public policy forbids it. The defendants had been enjoined from using the mills. This, we must assume, was a benefit to the complainant and a corresponding injury to the defendants. This advantage the complainant was willing to forego if the defendants would secure him from loss on account of their use and opera-

tion of the property. Whether the court would have dissolved the injunction upon the answer and affidavits was then, at least, a question of some doubt, and so the parties doubtless understood. At all events the defendants were not willing to risk the matter, but preferred to make the matter certain by giving the bond. This we think they could legally do, and there was a sufficient consideration to support it. *Supervisors v. Coffenbury*, 1 Mich., 355.

It is next claimed that the bond was conditioned to pay a certain decree, and that it could not be held applicable to a decree of the Supreme Court, or one rendered in accordance with the order of such court.

The bond was conditioned to pay "any decree which may be recovered by said Atwood in said suit." It was well known to all the parties, including the sureties, at the time of the execution of this bond, that the decree of the circuit court would not be final, but that either party might appeal therefrom to the Supreme Court. On appeal the case is the same, and is heard upon pleadings and proofs in the same manner as it had been in the court below. On such hearing the decree made or ordered is such an one as should have been made in the court below. If an appeal and a change in the decree, either or both, would destroy the force and effect of such a bond, the defendants and obligors by an appeal could thereby defeat it. In *Dunn v. Sutliff*, 1 Mich., 24, a surety for costs in a justice's court, where the case was appealed, was held liable for the costs in the appellate court. We think the principle is the same, and that the bond must be held as applicable to any final decree rendered in the case.

It was also claimed that the appeal bond superseded this one, and that the complainant abandoned his remedy upon this bond by making a sale of the mortgaged premises under his decree.

The appeal bond, which in this case was designed merely to cover costs in this court, would not supersede

the bond in suit. Nor could the fact that the mortgaged premises were sold discharge the obligors in the bond. The condition of their bond was to pay the decree. If they did not do this, and the complainant, by a sale of the premises, reduced their liability, they should not complain.

The objection that the administrator could not sue upon this bond, because not named therein, is not well taken. In this respect he had the same right the deceased had. He in this action represented the deceased, and no formal words were necessary in the bond to give this right, nor could the omission of the word "representative" exclude it.

The want of knowledge by the defendant of the prior encumbrance, at the time he signed this bond, would not avail him. It is not pretended that he was fraudulently induced to sign the bond by any act or word of the obligee, nor would the fact that this prior mortgage remained undischarged at the date of the sale, and that because thereof and of the administrator's refusal to indemnify Rynearson against the same, in case he bid upon the property, release him or reduce his liability in an action on the bond.

We discover no error, and the judgment must be affirmed with costs.

The other Justices concurred.