MICHAEL CALLANAN v. THE PORT HURON & NORTHWESTERN RAILWAY COMPANY.

[SEE 61 MICH. 12, 22.]

*Common-law arbitration—Agreement for, with stipulation for judgment on the award, not a discontinuance of a suit involving same subject matter —Nor will it operate to stay proceedings therein—May be used as basis for application for such stay—Cannot be pleaded or shown in bar of the action—Suit for damages for the illegal occupancy of street by railway company, adjoining plaintiff's land—Subsequent award in condemnation proceedings instituted by railway company, not a bar to such suit—Case distinguished from 41 Mich. 336—Plaintiff's damages confined to mischief done up to commencement of action—And cost of restoring premises, if damages capable of restoration—In such condemnation case plaintiff might have future damages assessed, but not bound to do so.*

1. The question of the *effect* of arbitration proceedings upon a pending suit involving the same subject-matter is not a proper issue to be passed upon when the case is upon the general merits, and cannot be pleaded or shown in bar of the action. If available at all, it is by way of abatement of the suit.

2. A common-law agreement to arbitrate the subject-matter of a suit, and

enter judgment upon the award in the court where such suit is pending, when rendered, does not operate as a discontinuance of such suit, nor as a stay of proceedings therein; but may be used as the *basis* for an *application* for such stay.

3. Pending the trial of a suit brought by a land-owner against a railway company to recover damages for the illegal occupancy of an adjoining street, the railway company instituted *proceedings* in the *probate* court to condemn the subject matter of the litigation, and secured an award by commissioners, and its confirmation. [See *Pt Huron & N. W. Ry. Co. v. Callanan*, 61 Mich. 12.] On the trial the condemnation proceedings and award were offered and received in evidence on the part of the railway company, and the court instructed the jury that they were a bar to the action, and a verdict was rendered accordingly.

*Held*, that there is no authority for any such doctrine as will give a *subsequent* suit the effect of abating a *prior* one, the Court distinguishing the case at bar from *Harlow v. Marquette, H. & O. R. R. Co.*, 41 Mich. 336, where the plaintiff was held barred because *consent* had been given to the occupancy complained of, with an understanding that the damages should be adjusted thereafter, and for *that* reason it was held that the condemnation proceedings should cover them all.

*Held*, further, that in the present action the damages for a *rightful* appropriation could not be considered; and the recovery was limited to the mischief done up to the time of the suit, and the cost of restoring the premises, unless the damage was incapable of restoration.

*Held*, further, that in the probate court proceedings the land-owner might, if he chose, have all former as well as future damages assessed, but he was not bound to do so.

Error to St. Clair.    (Stevens, J.)    Argued April 8, 1886. Decided April 15, 1886.

Case.    Plaintiff brings error.    Reversed.    The facts are stated in the opinion, and in head-note 2.

*Chadwick & Cline*, for appellant :

The agreement for arbitration did not operate as a discontinuance of the suit.

Where an agreement for arbitration provided for the entry of judgment on the report, it was held not to work a discontinuance: *Yates v. Russell*, 17 Johns. 461 ; and this has been frequently held by the courts of that state.

A mere agreement for arbitration does not bar a suit: *McGunn v. Hanlin*, 29 Mich. 476, 480.

· The agreement in this case is in no sense a statutory one : *Gibson v. Burrows,* 41 Mich. 715.  [The arbitration agreement was not acknowledged as required by How. Stat. § 8476. REPORTER.]

*O'Brien J. Atkinson,* for defendant :

The defendant insists that by the stipulation for arbitration the case was discontinued, and the judgment is correct : Morse on Arbitration, 73, and cases cited : *Dunn v. Sutliff,* 1 Mich. 24 ; *Vanderhoof v. Dean,* Id. 464 ; *McGunn v. Hanlin,* 29 Id. 476 ; *Woodin v. Phœnix,* 41 Id. 656 ; *Eisenmeyer v. Sauter,* 77 Ill. 515 ; *Muckey v. Pierce,* 3 Wis. 307 ; *State, ex rel. Graham, v. C. C. of Milwaukee,* 20 Id. 68.

The remedy should be mandamus, and not writ of error : *Woodin v. Phœnix,* 41 Mich. 656.

CAMPBELL, C. J.   In this case a jury was, without objection, sworn to try the cause on the merits ; and, having heard the plaintiff's case, the defendant, under a notice in bar *puis darrein continuance,* was allowed to show an agreement to arbitrate the matter in dispute, and enter judgment on the award when rendered, under which no steps were taken to complete an award.   The court held that this put an end to the suit, and so the jury found.   Plaintiff brings error.

There is, so far as we have discovered, no authority in favor of treating such a defense as one which can be introduced in bar upon a trial on the merits.   The only case referred to which seems to favor such a practice is *Wells v. Lain,* 15 Wend. 99, where a defendant having put in a special plea in bar of a parol reference of matters in dispute, the plaintiff, instead of demurring, replied to it, and this was held to waive the objection to its form in bar instead of in abatement.   The supreme court held it was a void agreement because in parol, and made no further inquiry into its effect if valid.   In the court of errors a majority of the lay members, overruling the chancellor and the judges of the supreme court, held the submission valid, and that it operated as a discontinuance. But all agreed it could not be pleaded in bar.   Under our practice a notice can be given, and cannot be demurred to, so

that the issue must stand for its true purpose.   But it was not a proper issue to be passed upon when the case is up on the general merits.

But the question will perhaps arise hereafter, and may as well be met, whether the agreement was in fact a discontinuance.   It may be assumed to have been made by defendant's authority, although it is difficult to see how this question could be settled by the court on the facts.   After providing for an award by the persons named, it concluded as follows:

"It is further agreed by and between the said parties that judgment in the suit aforesaid pending in the circuit court for St. Clair county, Michigan, may be entered upon such award for the amount allowed by the said arbitrators in favor of said Michael Callanan, together with the costs of the clerk of said court in said suit, to the end that all matters and controversies between them in that behalf may be settled and concluded."

How far an agreement to submit to arbitration operates to discontinue a pending suit, where there has been no award, is a disputed question on which there is more apparent than real contradiction.   In this State it has been held, on two occasions (*Dunn v. Sutliff*, 1 Mich. 24; *Vanderhoof v. Dean*, Id. 463), that a *statutory* arbitration providing for judgment on the award, and *actually carried into judgment*, operated on the suits which were displaced by the award, so that in one instance the sureties on appeal were discharged in a case appealed from a justice, while in the other case it was held that an alleged defect in the affidavit for attachment by which the suit was commenced could not be considered after the award made in pursuance of the submission.   The question of the effect of a mere agreement to submit, not conforming to the statute, and not carried out, was not involved in either.   But in considering the general question reference was made to New York and Massachusetts decisions which have some bearing on it.

In *McGunn v. Hanlin*, 29 Mich. 476, it was held that an agreement to arbitrate which did not conform to the statute, and which contained no covenant not to sue, could only be

enforced by action, and was no bar to an action.    It certainly seems difficult to discover how a mere executory contract can operate, *ipso facto*, upon a lawsuit pending or not pending. In his treatise on Arbitration, after giving the decisions on both sides, Mr. Morse makes the sensible suggestion that such an agreement should rather operate as ground for staying a suit pending the reference than as a discontinuance:  Morse, Arb. 77.

It can hardly be claimed that the American courts, in dealing with this subject, have designed to make new rules of common law to affect common-law agreements.  They do not profess to do so, and there would be no sense in attempting it.    No doctrine has been found in the English courts, from which our rules are derived, which seems to favor the idea that such a submission is any more than a stay, and even that doctrine is greatly modified.  Mr. Tidd, in his Practice (page 822), says it was formerly held to work a stay, but since the early part of Queen Anne's reign it has been the rule that it shall not operate as a stay unless so provided in the agreement ; and he says it has been frequently decided that an agreement to refer to arbitration is not sufficient to oust any court of its jurisdiction.  Even where a stay has been agreed upon, it is to be made the ground of an application to the court for a temporary stay.    There is nothing favoring the idea of a discontinuance, or even of a stay, by the operation of the agreement itself without order.

The cases referred to in 1 Mich. are from New York and Massachusetts.  Taking some detached *dicta*, there is possibly some support for holding an agreement like the present might be relied on for a discontinuance.  But, taking the decisions themselves, with those on which they purport to be based, they do not favor so broad a doctrine.  The case of *Bean v. Parker*, 17 Mass. 591, only decided that where a valid judgment had been rendered on an award upon reference, the bail in the original action was discharged by the reference because it was not within their contract.  The case of *Wells v. Lain*, 15 Wend. 99, which met this question only indirectly, was put by all the members of the court of errors

upon previous cases, all of which decide that a submission does not operate as a discontinuance unless it is agreed directly, or necessarily implied, that no judgment shall be entered in the action. The distinction is repeatedly taken between cases where it is agreed judgment shall be entered, and those where it is not so agreed; and this, without regard to whether the reference is statutory or not.

The case of *Yates v. Russell*, 17 Johns. 461, which is the earliest one referred to, and which has never been disapproved, decided distinctly that where an agreement to refer the controversy in a pending case, and to enter judgment on the award, was for a controversy that could not be referred under the statutes, and could not, therefore, be made the basis of a statutory judgment, yet the stipulation to allow it and abide by it would estop the parties from attacking it on error upon that ground. But where there is no stipulation for judgment the cases agree that no judgment can be entered on the award unless made under the statute.

This distinction was the basis of the next decision in *Camp v. Root*, 18 Johns. 22, where there was no stipulation for judgment, and therefore the case was held discontinued, while it recognized that the case would have been different with such a stipulation. In the next case of *ex parte Wright*, 6 Cow. 399, a reference was made, with an agreement for judgment, and one of the parties then revoked it. The referees reported, however, but no judgment was sought to be entered, and the case was noticed for trial on the merits. The revoking party objected that it had been discontinued. The supreme court, affirming the action of the trial court, held it was still in court, and decided the case in these words: "The court below were right. A general submission to arbitration is a discontinuance; not so of a submission where a judgment on the report or a *cognovit* is to follow. By the very terms of the submission the cause is to be continued in court. The motion must be denied."

In *People v. Onondaga Com. Pleas*, 1 Wend. 314, there was a general submission, with no agreement for entry of judgment. In that case the court, pointing out the distinc-

tion, held it amounted to a discontinuance, but that it was waived by going to trial and cross-examining witnesses. In all the subsequent cases, and those cited in the decisions of this Court in 1 Mich. 24 and 463, these cases are referred to as containing the doctrine governing discontinuance: *Larkin v. Robbins*, 2 Wend. 505; *Towns v. Wilcox*, 12 Wend. 503; *Wells v. Lain*, 15 Wend. 99.

The decisions in 1 Mich., being made after judgment on statutory awards made in the case, go no further than to hold that the submission agreement superseded the earlier proceedings so as to waive any reliance on them. But the judgments themselves were complete. And in *Vanderhoof v. Dean*, 1 Mich. 463, Chancellor Walworth's views in 15 Wend. 99, were referred to, and not disapproved; the reference being considered as not absolutely discontinuing the case, but waiving all earlier errors.

There are strong reasons of justice against regarding a reference, not followed by an award, as in any case going further than becoming the basis of an application to stay proceedings, rather than operating as an absolute stay. It may easily happen that the time for bringing a new suit has passed, and action by the referees may be prevented by failure or refusal of either party to proceed before them. The present record contains this statement in the bill of exceptions:

"On the trial, defendant's counsel stated that they did not care to have an award, as they had an agreement by which the suit was abated, and they were free to go into the probate court to condemn the land."

This indicates that the danger is not imaginary. In our opinion, the case was not discontinued.

It was also held by the court below that a subsequent proceeding in the probate court to condemn the land was a bar to this action. There is no case that we know of sustaining any such doctrine as will give a subsequent suit the effect of abating a prior one. In the present action, which was founded upon an illegal occupancy, the damages for a rightful appropriation could not be considered, and the recovery

would be only for the mischief done up to the time of suit, and the cost of restoring the premises, unless the damage was not capable of restoration.   No doubt, in the probate court proceedings, the land-owner might, if he chose, have all former as well as future damages assessed, but he is not bound to do so.   In *Harlow v. Marquette, H. & O. R. R. Co.,* 41 Mich. 336, the plaintiff was held barred because consent had been given to the occupancy, with an understanding that the damages should be adjusted thereafter, and for that reason it was held the condemnation proceedings should cover them all.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.