Mr. Justice Montgomery
delivered the opinion of the Court;
Plaintiff sued for assault and battery. On the trial he consented to the acquittal of Horace S. Johnston, but urged the conviction of Thurston B. and Milton. The jury acquitted Horace and convicted the others, and ássessed one cent damages.
Plaintiff appeals on exceptions to rulings, and brings up with his bill of exceptions, a “ case stated.”
At the beginning of the argument our attention was called to the fact that defendants had, on the 13th instant, filed a *526 motion to dismiss the appeal, which motion was argued and submitted together with the questions involved in the appeal. The motion will be first considered.
This suit was begun on the 25th day of June, 1885, plaintiff then being a non-resident of the District. On the 8th of July, in obedience to an order of the court, he filed the usual undertaking “ to make good all costs and charges that the defendant may be put to in case the plaintiff is non-suited or judgment be given against him,” which undertaking was duly approved.
December 2, 1887, the cause was tried, and the verdict and judgment rendered, and on December 5, plaintiff filed a motion for a new trial, which motion was denied, and an appeal noted on January 21, 1888.
On the 26th of the following April the bill of exceptions was signed, and on the 1st day of May, the undertaking required in case of appeal by Rule 89 was filed, having-been first duly approved by the trial justice, who indorsed thereon as follows:
“Approved as of ther-day of-, as plaintiff was not to file bond until exceptions were agreed upon.”
The cause was then made ready for hearing and placed ■on the present term calendar.
On the foregoing facts, ought the motion to dismiss be granted ? The undertaking of July 8, 1885, is still in force. Dunn vs. Suliff, 1 Mich., 25.
Rule 89 provides in substance that “no appeal shall be considered as taken and perfected, unless a bond or undertaking be given, which shall be sufficient to cover the costs of the appeal.”
We are all of the opinion that the appeal should not be dismissed, because the undertaking of July 8,1885, secured to the defendants all the indemnity to which they were entitled on the appeal, because the filing of the undertaking on appeal seems to have been delayed, by consent of the parties, and because of the delay in filing the motion to dismiss.
*527 Next, we will briefly review the exceptions. There are five of them, and each relates to plaintiff’s right to introduce in evidence some document intended and tending to show or explain previous dealings, differences or litigations between these parties or between plaintiff and some or one of these and all of which were excluded on objections.
There was no question of identity of parties made at the trial, and there was no room for circumstantial evidence to ■establish the facts which the plaintiff asserted.
Positive and direct proof as to what did or did not occur was given by all the parties. None of these documents and no part of them were involved in the res gestee and their introduction could have served but one purpose and that was to enable the plaintiff to recover punitive damages had such ■damages been recoverable in a case like this. The merits of previous controversies and the details thereof not being connected even remotely with the res gestee could not affect the amount of compensation which plaintiff could rightfully claim for the trespass to his person. As said above, their sole purpose, had they been received, must have been the foundation of a supposed claim by the plaintiff to exemplary damages, and there are two reasons why they could not have been allowed to effect such a purpose.
1st. Because the trial justice took from the jury without objection or .exception the question of punitive damages, .and—
2d. Because this court held in Huber vs. Teuber, '3 Mac-' Arthur, 484, that such damages are not recoverable in such a case as this.
We feel obliged to hold that we find no error in the rulings.
And now what shall be done with the motion for a new trial on the ground that “ the verdict is contrary to law and the evidence ” and is “ unreasonable ” in allowing plaintiff one cent damages.
There is no room for plaintiff to urge that the verdict is *528 “contrary to the evidence.” A verdict of “guilty” cannot from his standpoint be subject to that criticism.
But there is certainly strong ground for insisting that a verdict which convicts the defendants of assault and battery and awards but one cent damages, is not altogether reasonable.
But can this court interfere with it? The statute (Sec. 804, Rev. Stat. D. C.,) authorizes the trial justice to entertain a motion to be made on his minutes to set aside a verdict upon exceptions or for insufficient evidence or for excessive damages.
The following section provides that when so made and heard an appeal may be taken to the General Term and a bill of exceptions or case settled.
Rule 57 declares that a motion for a new trial may be made to the trial justice, for the reason (among others) that the verdict is “ unreasonable or uncertain.”
Manifestly the statute does not empower us to review this motion for plaintiff; it is not a case of “ excessive ” damages, and plaintiff is the moving party, and if it be agreed that the verdict is as alleged “ unreasonable ” the rule above cited expressly declares that “ such motions are considered to be addressed to the discretion of the trial, justice and are not appealable.”

We have no discretion about it. The motion to dismiss the appeal must be denied, the exception overruled, and the judgment affirmed.