### BLOOMER *vs.* SHERMAN.

Where a matter in difference between parties is submitted by them to arbitration, by their mutual bonds, and a particular time is specified in the bonds within which the award is to be made and ready to be delivered to the parties, a subsequent written agreement enlarging the time for making the award is valid, although not under seal ; and an award made within such extended time will be as decisive of the rights of the parties, as if it had been made within the time originally specified in the condition of the bonds. But an action will not lie upon the bond itself, if the award is not made within the time specified in the condition of such bond.

The twenty-third section of the title of the revised statutes relative to arbitrations, which deprives a party to a submission of the right to revoke the power of the arbitrators, after the case is heard and finally submitted to them for their decision, applies to all cases of submission to arbitration ; whether the parties have or have not agreed in their submission that a judgment shall be entered on the award which is to be made in pursuance of such submission.

Where, by the terms of a submission to arbitration, the award is to be attested by a subsisting witness, or is required to be made by the arbitrators in any other particular form, the award is not made, and ready to be delivered to the parties, until such form is complied with.

THIS was an appeal from a decree of the vice chancellor of March 15, the first circuit. The bill was filed for an account and settlement of a special partnership transaction between the parties. To this bill, the defendant pleaded, that difficulties having arisen between the parties relative to such partnership and the settlement thereof, they entered into bonds to submit all questions touching their partnership connection to three arbitrators, with power to decide all their partnership matters as fully as a court of chancery could decide the same ; so that the award of the arbitrators be made in writing, subscribed by each of them, a ndattested by a subscribing witness, ready to be delivered to the parties on or before the 10th of February, 1835 ; that on the 26th of January, in the same year, the arbitrators were duly sworn ; that on the 9th of February, the time for hearing the parties and making the award not being deemed sufficient by such parties, the complainant and defendant endorsed an agreement on the bonds of submission, whereby

they agreed that the time for *rendering* the award of the arbitrators should be extended to the 19th of February, 1835; which agreement was signed by the complainant and afterwards sealed by the defendant; that the arbitrators having taken upon themselves the burthen of the award, and having weighed and considered the allegations, vouchers and proofs of the parties, and the case having been finally submitted to the arbitrators for their decision thereon, on the eleventh of February, 1835, they did unanimously make their award in writing, under their hands, and duly subscribed by each of them; and which award was afterwards, on the 16th of February, duly attested by a subscribing witness and ready to be delivered to the parties, (setting out the award at length,) although the complainant, on the 14th of February, after the cause was finally submitted to the arbitrators for their decision therein, delivered to the said arbitrators an instrument under his hand and seal, purporting to be a revocation of the powers of the arbitrators.

The vice chancellor decided that the time for making the award was duly extended, by the agreement of the 9th of February, to the 19th of the same month; that the revocation of the powers of the arbitrators, by one of the parties, after the cause had been finally submitted to them for a decision upon a hearing of the parties, was invalid under the provision of the revised statutes relative to arbitrators; and that the award, which was completed by the attestation of the subscribing witness after such attempted revocation, was valid, and was a bar to this suit for the same matters. He therefore allowed the plea, with costs; from which decision the complainant appealed to the chancellor.

*S. Sherwood*, for the complainant.

*D. P. Hall*, for the defendant.

THE CHANCELLOR. There is no doubt that a submission to arbitrators, by bond, may be enlarged by an agreement not under seal. The only doubt that has ever arisen, in cases of this kind, has been whether an action of debt upon the pen-

alty of the bond could be sustained, where the award had not been made within the time limited for that purpose by the condition of the bond itself, but where such time was extended by a subsequent agreement of the parties. In the courts of this state, it has been determined that an action of debt upon the bond itself could not be maintained, whether the subsequent agreement extending the time for making the award was under seal, or otherwise; but that the party injured by the breach of the agreement, or the non-performance of the award, must seek his remedy by a suit upon the submission implied in the new agreement, taken in connection with the bond, or by an action upon the award made in pursuance of such submission. (*Freeman* v. *Adams,* 9 *John. Rep.* 115. *Myers* v. *Dixon,* 2 *Hall's Sup. C. Rep.* 456.) But in England, it has been decided, after a full investigation of the subject, that if the agreement to extend the time is under seal, an action of debt upon the original bond will lie, upon showing that the condition thereof was varied by the obligor, by an instrument under seal. The previous decision of the court of king's bench, in *Brown* v. *Goodman,* (3 *T. R.* 592, *n.,*) which was supposed to settle this question differently, was founded upon the fact that it did not appear, from the declaration in that case, that the agreement to extend the time was under seal. (*See Greig* v. *Talbot,* 3 *Dowl. & Ryl. Rep.* 446.) The only question in these cases related to the form of action, which was to be brought upon the agreement as modified by the extension of the time originally allowed for making the award, and not whether an award made in conformity to the agreement as thus modified was valid. No court has ever suggested any doubt on that subject. (*See Watson on Arb.* 87.)

There is no foundation for the objection, that the agreement extending the time, was only an agreement to extend the time for *delivering* the award, after it was made and ready to be delivered to the parties. Extending the time for *rendering* the award of the arbitrators, in this case, from the 10th to the 19th of February, meant an extension of the time limited by the condition of the bond for making the award and hav-

ing it ready to be delivered to the parties, in the form pre-scribed. And the original bond and this new agreement, taken together, must bear the same construction, for the purpose of deciding the question as to the validity of the award, as if the latter date had been originally inserted in the bonds of submission.

The revocation of the powers of the arbitrators, by the complainant, was delivered to them two days before the award was attested by the subscribing witness, as required by the agreement of submission. The award was not therefore complete, and ready to be delivered to the parties, at the time of such revocation, although the cause had been finally submitted to the arbitrators for their decision thereon, and their award had been made out and signed by them before the revocation. The attestation of the subscribing witness was necessary to the completion of the award, before it was ready to be delivered, according to the agreement of the parties in their submission. For where, by the terms of the submission, the award is to be made in a particular form, the award is not made and ready for delivery until all the forms are complied with. (*Stanton* v. *Henry*, 11 *John. Rep.* 133. *Wilson* v. *Constable*, 1 *Lutw.* 199. *Thaire* v. *Thaire*, *Palm. Rep.* 109, 112.) It becomes necessary, therefore, to inquire whether this is a case which comes within that provision of the revised statutes, which deprives a party to a submisson of the right to revoke the powers of the arbitrators, after the cause has been fully heard before them, and finally submitted to them for their decision thereon. (2 *R. S.* 544, § 23.)

It is insisted, by the complainant's counsel, that none of the provisions of the revised statutes relative to arbitrations are applicable to any submission to arbitration, except in those cases where the parties have, in their submission, agreed that a judgment shall be entered, in a summary manner, upon the award which may be made in pursuance of such submission. But until the intimation of a contrary opinion by some of the members of the court for the correction of errors, in a recent case before that court, I had never entertained a doubt that the three last sections of that title of the revised statutes, as well as some of the previous provisions, were intended by the

revisors, and by the legislature, to apply to every case of a submission to arbitration ; whether the parties had or had not inserted a provision in their agreement of submission, that a summary judgment might be entered upon the award of the arbitrators. The language of the first section of the statute is that the parties may, not that they shall agree that a judgment of a court of law and of record shall be entered upon the award. And whenever such an agreement is contained in the submission, then the provisions of the eighth, and of the thirteen succeeding sections, relative to the summary proceedings in the court of law, are applicable to the case. But I can hardly suppose that the legislature intended to leave every other submission to arbitration wholly unprotected by the valuable provisions of this title ; many of which are equally applicable to every case of a submission to arbitrators. Independent of the fifth and sixth sections of this title, there is no authority to issue a subpœna for a witness to attend before arbitrators, or to administer an oath to a witness if he thinks proper to attend voluntarily ; as the former statutory provisions on this subject, and which applied to all cases of submission to arbitration, are repealed. (*See* 1 *R. L. of* 1813, *p.* 399, § 28. *Laws of* 1816, *p.* 242, § 1. *Laws of* 1324, *p.* 285, § 11.) The language of the twenty-third section of the present statute, (2 *R. S.* 544,) is certainly broad enough to cover this case. It is, " whenever *any* submission to arbitration shall be revoked by a party thereto before the publication of an award, the party so revoking shall be liable to an action by the adverse party, to recover all the costs, expenses and damages which he may have incurred in preparing for such arbitration. But neither party shall have power to revoke the powers of the arbitrators, after the cause shall have been finally submitted to them, upon a hearing of the parties, for their decision." It may also be proper to add that it appears from the revisers' note to the first clause of this section, that it was intended to establish the rule of law as laid down by the supreme court in *Allen* v. *Watson*, (16 *John. Rep.* 205 ;) which was not a case of a submission under an agreement that it should be made a rule of court. The last clause of this section was not reported by the revisers, but was inserted by

the legislature in the passage of this title through the two houses, for the purpose, undoubtedly, of guarding a person who had submitted his cause to arbitration, against the manifest injustice of having the submission revoked by his adversary, after the probable result of the arbitration had been ascertained, but before the necessary forms could be complied with to render the award binding upon the parties.

The case now under consideration shows the injustice of such a proceeding. It appears, by the plea, that this award was actually drawn up and signed by the arbitrators, as early as the eleventh of February, but that by the terms of the submission, it was necessary that there should be a subscribing witness to the award. This circumstance had probably been overlooked by the arbitrators ; and in consequence of this omission the complainant, three days afterwards, tendered a formal revocation of the powers of the arbitrators, for the purpose of defeating the whole proceeding. And he would have succeeded in obtaining his object, had it not been for this provision of the revised statutes, although the formal defect was discovered and corrected within the time allowed for making the award.

As the question arising under this particular section of the revised statutes was not actually passed upon by the court for the correction of errors, and there was no argument before the court in reference to the construction of any of the provisions of the title relative to arbitrators, I do not consider the decision of that court, in the case of *Wells* v. *Lain,* as decisive of the question under consideration here. I shall, therefore, adopt the conclusion at which the vice chancellor arrived, that this provision of the revised statutes is applicable to the present case, and that the attempted revocation of the complainant was a nullity, at the time it was made ; and shall leave the appellant to carry the case to the court of dernier resort, if he is not satisfied with this decision.

The decree of the vice chancellor is affirmed, with costs.