## SUPREME COURT.

Towner by J. T. next friend agt. Towner.

If a *feme covert* plaintiff is not an infant, or lunatic, &c., no order for leave to sue by next friend, or for appointment of next friend is necessary.

*Essex Special Term, January* 1853. M. T. Clough moved for a reference.

R. S. Hale objected, that there had been no appointment of J. T. as next friend, nor service of any papers upon the defendant's attorney for that purpose, which he insisted was irregular.

Towner agt. Towner.

HAND, Justice.—I do not understand the practice as contended for by the defendant's counsel. If a *feme covert* plaintiff is not an infant, or lunatic, &c., no order for leave to sue by next friend, or for the appointment of next friend, is necessary (1 *Hoff. Pr.* 66). It seems he should be a man of substance; and if he is insolvent, the proceedings may be stayed a reasonable time till security is filed, and the complaint may be dismissed if that is not done (Lawrence vs. Lawrence, 3 *Paige*, 267; Fulton vs. Rosevelt, 1 *id.* 178; Robertson vs. Robertson, 3 *id.* 387; Remnington vs. Alvin, 1 *S. & S.* 264; Barlee vs. Barlee, *id.* 150: Anon. 1 *Atk.* 570; 1 *Dan. Pr.* 144; 3 *Wend.* 424; 3 *Bac. Ab.* 360; Andrew vs. Craddock, 1 *Eq. Ca. Ab.* 72; *S. C. Prec. in Chan.* 376). In case of an infant sole plaintiff, the Revised Statutes required that the next friend should be appointed by the proper officer (2 *R. S.* 445–6). The Code requires a guardian for an infant party, to be appointed by the court or a judge (*Code*, § 115–6). But if of full age, as in this case, I find no precedent of an order appointing a next friend. No one can sue as her next friend without her consent (*Stor. Eq. Pl.* § 61), which is usually evinced by a written consent signed by her (1 *Hoff. Pr.* 66; *App. No.* 11; 2 *Barb. Ch. Pr.* 263, 687). In Remington vs. Alvin, *supra*, it appeared the next friend was the paramour of the plaintiff and insolvent; a person not likely to be appointed by the court. And in Bligh vs. Tredgett (8 *Eng. L. & E. R.* 79), one whom the solicitor had substituted in the place of a deceased *pro. ami*, was made liable for all the costs, though the substitution was without his knowledge, he having never heard of the suit until a motion to dismiss the bill (and see *Mitford*, 28; Randolph vs. Dickerson, 5 *Paige*, 577; Andrews vs. Craddock, *supra*; Greenaway vs. Rotherham, 9 *Sim.* 88; 1 *Dan. Pr.* 14; Smith vs. Myers, 3 *Madd. R.* 474; 1 *Moult. Ch. Pr.* 107; 2 *id.* 490; Anon. 1 *Ves. Jr.* 409, *and notes*). This case might have been decided differently here, as to the liability for costs; but I do not understand any action of the court is necessary to appoint a *pro. ami* in these cases. Nor do I understand that the Code has changed the practice as to the manner of naming or appointing a next friend.