ARBITRATION AND AWARD (§ 12*)—CONFIRMATION OF AWARD—PROCEDURE.
    Code Civ. Proc. § 2366, providing that a submission to arbitration shall be acknowledged and certified in like manner as a deed, requires the acknowledgment to be authenticated by a proper certificate as in case of a deed when taken before a foreign notary public, and where such requirement is neglected the award cannot be confirmed.
    [Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. § 43; Dec. Dig. § 12.*]

In the matter of the arbitration between the Concrete Steel & Tile Construction Company and Samuel Green.   Motion to confirm award denied.

Order affirmed 120 N. Y. Supp. 1119.

Riegelman & Bach, for Concrete Company.

Rosenthal, Steckler & Levi, for Samuel Green.

BISCHOFF, J.   Upon the record before me I am constrained to a denial of this application to confirm the award of arbitrators.   For the purpose of the court's jurisdiction to grant an order confirming the award, as distinguished from proceedings by action to enforce an award upon a common-law submission, the requirements of the statute must be complied with, and it must appear that the agreement of submission was executed with the formalities prescribed by law.   Smadbeck v. City of Mount Vernon, 124 App. Div. 515, 109 N. Y. Supp. 70; Electric Steel El. Co. v. Kam Malting Co., 112 App. Div. 686, 98 N. Y. Supp. 604.   The requirement of the statute (Code Civ. Proc. § 2366) as to the execution of an agreement of submission is that:

"It shall be in writing, duly acknowledged or proved, and certified in like manner as a deed to be recorded."

This obviously means that the agreement should be executed and acknowledged with the formalities which would be necessary in the case of the acknowledgment of a deed to be recorded in this state, and necessarily requires that the acknowledgment, when taken before a notary public of another state, be authenticated by the proper certificate, as in the case of a deed.   In the present proceeding the only direct proof before me is that the agreement executed upon the part of the Concrete Steel & Tile Construction Company in the state of Michi-

gan was not authenticated. Such is the form of the paper annexed to the notice of motion, and such is alleged by the respondent, Green, to be the fact; and I cannot assume the contrary to support this application, which must proceed upon proof of actual compliance with the statute, if the court is to have power to confirm the award by order, rather than by judgment in an action.

The authority of the case of Cutter v. Cutter, 48 N. Y. Super. Ct. 470, and 98 N. Y. 628, upon the question whether the statutory provisions can be waived by proceeding with the submission, has been so far weakened by later expressions of the Court of Appeals (Hinkle v. Zimmerman, 184 N. Y. 114, 76 N. E. 1080) that it cannot be taken to apply to these provisions at the present time, and to suggest doubt as to the rule laid down in the cases before the Appellate Division to which I have referred above. I conclude that the motion be denied, without prejudice to the merits in an action upon the award.

Motion denied.