Matter of the Application of SHIMA & Co., LTD., for an Order Directing that Arbitration Proceed Between SHIMA & Co., LTD., and THE PIERCE COMPANY.

(Supreme Court, New York Special Term, December, 1920.)

Arbitrations — when corporation entitled to an order to proceed to arbitrate — contracts — Arbitration Law (Laws of 1920, chap. 275; Cons. Laws, chap. 72) § 2 — United States Constitution, art. 1, § 8 — Code Civ. Pro. § 2366.

A written contract for the sale and delivery of a quantity of castor oil to a domestic corporation by a Japan corporation provided that any differences arising between the parties should be settled by arbitration at New York unless otherwise specified in the contract, and that the decision by such arbitration should be final and binding upon the parties, each shipment to be considered separately. The buying corporation refused to accept the bill of lading and pay the sight draft for the purchase price of a certain shipment, on the ground that the oil was not of the quality ordered. *Held*, that under section 2 of the Arbitration Law (Laws of 1920, chap. 275; Cons. Laws, chap. 72) such provision of the contract was valid and enforcible though not acknowledged or proved and certified in like manner as a deed to be recorded, as provided by section 2366 of the Code of Civil Procedure.

The contract having been made in the course of "commerce with foreign nations" (U. S. Const. art. 1, § 8) it is beyond the power of a state to restrict the right of the foreign corporation to sue in its courts for the enforcement of rights arising out of said contract, and said corporation was entitled to an order that the buying corporation proceed to arbitrate.

PETITION for an order directing arbitration.

Travis, Spence & Hopkins (Kenneth M. Spence, of counsel), for petitioner.

John F. Thomas, for respondent.

MULLAN, J.   The petitioner is a corporation organized and existing under the laws of the empire of Japan. The material allegations of its petition are admitted, which are, that the petitioner and the Pierce Company, a domestic corporation, entered into a written contract in and by which the petitioner agreed to sell to the Pierce Company a quantity of castor oil, to be shipped from the Orient to the buyer at the buyer's place of business at East Rochester, N. Y.; that the agreed terms of payment were "net cash, sight draft against railroad bill of lading;" that the petitioner shipped the oil from the Orient to East Rochester, N. Y., as agreed; that it duly presented to the buyer a properly indorsed bill of lading and sight draft for the purchase price; that the buyer refused to accept the bill of lading and pay for the oil upon the stated ground that the oil was not of the quality ordered; that the contract contained the following provision: "Any differences arising between the parties to this contract do not invalidate same, but shall be settled by arbitration at New York, unless otherwise specified herein, and decision by such arbitration shall be final and binding on both parties, each shipment to be considered separately;" that the petitioner has offered and demanded arbitration, but the buyer has refused and refuses to arbitrate; and the prayer is that the buyer, the Pierce Company, be directed to proceed to arbitrate. The petitioner bases its application upon the provisions of chapter 275 of the Laws of 1920, designated the "Arbitration Law," and constituting chapter 72 of the Consolidated Laws. The Pierce Company raises no question as to the constitutionality of the Arbitration Law, and seeks to justify its refusal to arbitrate solely upon the grounds (1) that the agreement to arbitrate does not comply with the requirements of section 2366 of the Code of Civil Pro-

cedure, and (2) that the petitioner has not pleaded in its petition facts showing compliance with the requirements of section 15 of the General Corporation Law. Both grounds are untenable. Section 2366 of the Code of Civil Procedure provides that " two or more persons may, by an instrument in writing, duly acknowledged or proved, and certified, in like manner as a deed to be recorded, submit, to the arbitration * * * any controversy existing between them at the time of the submission, which might be the subject of an action." Section 2 of the Arbitration Law reads, in full, as follows: " Validity of arbitration agreements. A provision in a written contract to settle by arbitration a controversy thereafter arising between the parties to the contract, or a submission hereafter entered into of an existing controversy to arbitration pursuant to title eight of chapter seventeen of the code of civil procedure, shall be valid, enforcible and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." A clear distinction is thus made between submissions to arbitration under the old practice and engagements to arbitrate appearing in written contracts, and I think it is very plain that it was not the intention of the legislature to provide, in respect of the latter class, that contracts containing such an agreement should be acknowledged or proved. Section 15 of the General Corporation Law has no applicability. The contract in question was made in the course of " commerce with foreign nations " (U. S. Const. art. 1, § 8), and it is beyond the power of a state so to restrict the right of a foreign corporation to sue in its courts for the enforcement of rights arising out of such a contract. *Sioux Remedy Co.* v. *Cope,* 235 U. S. 197; 8 Fletcher Cyc. Corp. 9508. The Pierce Company makes much of the fact, if it be such, that the petitioner does a considerable local busi-

ness in this state, and that it has a permanent office here. It is wholly immaterial what other business the petitioner does here if the transaction in question is one in foreign commerce. *Western Union Tel. Co.* v. *Kansas,* 216 U. S. 1, 27; *Sioux Remedy Co.* v. *Cope, supra,* 203. The petitioner is entitled to a direction that the Pierce Company proceed to arbitrate.

Ordered accordingly.