In the Matter of the Application of ANASTASIOS D. YEANNAKOPOULOS, Respondent, for an Order Appointing an Arbitrator and Directing an Arbitration to Proceed Pursuant to the Provisions of the Arbitration Law, in Accordance with the Provisions of a Certain Contract in Writing Dated April 26, 1920, Entered into between the Petitioner Herein and J. ARON & COMPANY, INC., a Domestic Corporation, Appellant.

First Department, February 4, 1921.

Arbitration — agreement to arbitrate controversies thereafter arising under contract need not be acknowledged — Arbitration Law, § 8, and Code of Civil Procedure, § 2366, construed and applied — petition and answer establish existence of controversy between parties — appeal — failure to raise question below as to constitutionality of Arbitration Law.

The provisions of the Code of Civil Procedure mentioned in section 8 of the Arbitration Law, read in connection with section 2 of that law, show that the provisions in section 2366 of the Code of Civil Procedure requiring the instrument to be acknowledged apply exclusively to a submission entered into between the parties under the Code of Civil Procedure and not to a provision in a written contract to settle by arbitration a controversy thereafter arising between the parties to the contract.

The provisions of section 8 of the Arbitration Law were obviously designed for the purpose of combining the provisions of the Code of Civil Procedure and making them applicable to an arbitration under a contract so far as they are " practicable and consistent " with the provisions of the Arbitration Law, but the formalities prescribed by section 2366 of the Code of Civil Procedure are wholly inapplicable to an arbitration under a contract, for the reason that they would not be " practicable and consistent " under such an arbitration.

The petition and answer, on which the order directing an arbitration of the questions in dispute and appointing an arbitrator was based, show that there is a controversy between the parties arising out of a contract concededly entered into between the parties.

The failure of the appellant to raise the question of the constitutionality of the Arbitration Law, in the answering affidavit or at the Special Term, precludes him from raising that question on appeal.

APPEAL by J. Aron & Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York, on the 21st day of December, 1920, granting the petition of

Anastasios D. Yeannakopoulos, directing an arbitration and appointing an arbitrator under the arbitration clause in the contract between the parties, pursuant to the provisions of the Arbitration Law of this State (Consol. Laws, chap. 72; Laws of 1920, chap. 275).

*Benjamin F. Norris* of counsel [*Bouvier & Beale*, attorneys], for the appellant.

*Robert H. Ewell* of counsel [*Merrill, Rogers & Terry*, attorneys], for the respondent.

GREENBAUM, J.:

The petition upon which the order was granted alleges in detail the making of a contract between the parties dated April 26, 1920, under which the petitioner agreed to purchase from the appellant 100 tons of Java sugar, a copy of the contract being annexed to the petition; that one of the provisions of the contract was as follows: "Any dispute arising in the execution of this contract to be submitted to arbitration in New York." The petition further alleges that thereafter and on or about July 29, 1920, " said J. Aron & Company, Inc., obtained payment of $50,400, from [the] First National Bank of Boston, by reason of the credit established by the petitioner " as provided for in the contract between the parties; that said payment was obtained from J. Aron & Company, Inc., without presenting ocean documents or the dock receipt or delivery order as called for by the contract and the letter of credit; that the latter corporation placed in storage with the New York Dock Company of Brooklyn for the account of the petitioner 1,000 bags of sugar claiming that said sugar constituted the 100 tons of Java white sugar mentioned under the contract of April 26, 1920; that the sugar thus put in storage was not the sugar called for by said contract; that the petitioner " offered to return to said J. Aron & Company, Inc., the said sugar, and demanded " that the sum of $50,400 be repaid to the petitioner, and that thereafter the petitioner sold the 1,000 bags of sugar for the account of the appellant with the result that the petitioner was damaged in the sum of $30,129.82.

It is also alleged in the petition that thereafter the petitioner requested the appellant corporation to comply with the arbitration clause in the contract, which it refused to do.

It appears from the opinion of the learned justice who granted the order appealed from that the application of the petitioner was opposed on two grounds and indeed it was conceded in open court before us upon the argument of this appeal that these two grounds were the only ones urged and that the appellant did not at Special Term make any claim that the Arbitration Law under which the petitioner obtained its order was unconstitutional. The two points relied upon by the appellant were, *first*, that the agreement to arbitrate was not acknowledged, and, *second*, that the moving papers failed to show that there was any controversy existing which was properly the subject of an arbitration. As to the first of these grounds, the appellant relies upon section 2366 of the Code of Civil Procedure which provides that a submission under the Code may be made " by an instrument in writing, duly acknowledged or proved, and certified, in like manner as a deed to be recorded." It is argued that under section 8 of the Arbitration Law, the provisions of section 2366 are made applicable both to an arbitration clause in a written contract as well as to a submission to arbitrate under the Code. Section 8, however, provides that section 2366 and the other sections of the Code of Civil Procedure therein enumerated " so far as practicable and consistent with this chapter, shall apply to an arbitration agreement under this chapter."

A study of the various provisions of the Code mentioned in section 8 of the Arbitration Law, read in connection with section 2 of that law, clearly shows that the provisions in section 2366 of the Code requiring the instrument of submission to be acknowledged apply exclusively to a submission entered into between the parties under the Code of Civil Procedure.

Section 2 of the Arbitration Law contemplates two separate and distinct cases where arbitration may be enforced. The first applies to " a provision in a written contract to settle by arbitration a controversy thereafter arising between the parties to the contract," and the second to " a submission hereafter entered into of an existing controversy to arbitration pursuant to title eight of chapter seventeen of the Code of Civil Procedure." The provisions of section 8 of the Arbitration Law were obviously designed for the purpose of combining the arbitration provisions of the Code and making them appli-

cable to an arbitration under a contract so far as they are "practicable and consistent" with the provisions of the Arbitration Law. In other words, the Code provisions would in all instances apply to an arbitration in the case of a submission pursuant to the Code. They would also apply to an arbitration embodied in a contract where that would be "practicable and consistent" with such an arbitration. But the formalities prescribed in section 2366 of the Code would be wholly inapplicable to an arbitration under a contract, for the reason that they would not be "practicable and consistent" under such an arbitration. It is decidedly "impracticable" to expect written contracts between merchants to be "duly acknowledged" and it is not likely that the Legislature contemplated that the provisions of section 2366 of the Code should have been intended to apply to such an arbitration.

As to the second point it is sufficient to say that the petition and answer upon which the order appealed from was based clearly show that there is a controversy between the parties arising out of a contract concededly entered into between the parties. In addition to the two points which have just been considered, the appellant argues before us the unconstitutionality of the Arbitration Law of this State, on the ground that it deprives the appellant of the right of trial by jury. As heretofore observed, that contention was not made before the Special Term and besides there was no such contention made in the answering affidavit submitted in opposition to the petition. Under these circumstances it seems clear that by failing to raise the plea of unconstitutionality at Special Term, the appellant has waived its right to assert it on appeal. This doctrine has been uniformly recognized in numerous decisions in civil cases in this State. (*Vose* v. *Cockcroft*, 44 N. Y. 415; *Matter of Andersen*, 178 id. 416, 420; *Fosdick* v. *Metal Shelter Co., Inc.*, 223 id. 700; *Matter of Kipp*, 70 App. Div. 567.)

The order is affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.