In the Matter of the Application of CAMERON BLAIKIE and ADOLPH AMEND, for an Order Confirming the Alleged Award of the Arbitrators in the Controversy between SCHUYLER A. ORVIS and CAMERON BLAIKIE and ADOLPH AMEND.

Supreme Court, New York Special Term, December, 1922.

Arbitration — submission need not be acknowledged — award by majority of arbitrators valid.

Where an arbitration has taken place under the terms of a partnership agreement, providing for the appointment of arbitrators in the case of any dispute arising upon the dissolution of the firm and the submission to the arbitrators was not executed and acknowledged in the formal manner required for recording a deed, an award made and signed by a majority of the arbitrators is nevertheless valid.

While at common law the decision of arbitrators must be unanimous, the power given to a majority by section 1453 of the Civil Practice Act includes arbitrators selected in any manner authorized by the Arbitration Law as a whole.

CROSS-MOTIONS to confirm and to vacate the award of arbitrators.

*T. C. P. Martin*, for Schuyler A. Orvis.

*George B. Hayes*, for Cameron Blaikie and Adolph Amend.

MARSH, J. These are cross-motions in an arbitration proceeding, by the successful and losing parties, respectively, to confirm and to vacate the award of arbitrators. The award is attacked on two grounds, the first of which is that it is made and signed by only a majority of the arbitrators, which is claimed not to be permissible in the case of a submission not executed and acknowledged in the formal manner required for recording a deed. The arbitration has taken place under the terms of a partnership agreement, providing for the appointment of arbitrators in the case of any dispute arising upon the dissolution of the firm. The agreement was signed and witnessed, but not acknowledged before a notary public or other officer authorized to take the acknowledgment of deeds. Counsel for the party moving to vacate admits that the agreement is a valid submission to arbitration, in spite

of the absence of the acknowledgment (*Matter of Shima & Co., Ltd.*, 113 Misc. Rep. 612; *Matter of Yeannakopoulos*, 195 App. Div. 261), but argues that only where there is such an acknowledgment can the award be made by a majority. The point made is that at common law the decision of arbitrators must be unanimous (*Green v. Miller*, 6 Johns. 39), and that the power given to a majority by section 1453 of the Civil Practice Act is limited to " arbitrators selected as prescribed in this article," namely, arbitrators selected in accordance with a submission duly acknowledged or proved. In this connection a comparison is invited of the words quoted with the phrase in the first line of the same section relating to the calling of witnesses, namely, " the arbitrators selected, either as prescribed in this article or otherwise." It is true that in *Lorenzo v. Deery*, 26 Hun, 447, it was held that the Code of Civil Procedure required a unanimous decision unless the submission was acknowledged or proved in accordance with the Code provisions. This altered the rule of the Revised Statutes. *Locke v. Filley*, 14 Hun, 139; 3 R. S. 856, § 7. The question now is whether any further change has been made by the enactment of the Arbitration Law. Section 1453 of the Civil Practice Act was originally numbered 1415 and was taken from sections 2370 and 2371 of the Code of Civil Procedure. These sections are by section 8 of the Arbitration Law made applicable to an arbitration agreement under that law. The matter under consideration, therefore, is not the interpretation of section 1453 of the Civil Practice Act standing alone, but rather its interpretation as a part of section 8 of the Arbitration Law. Not only this particular section, but practically the entire article in which it is contained, is drawn into and made a part of the Arbitration Law, and when all of the provisions of both statutes are read together in the resulting combination, I believe that the phrase " selected as prescribed in this article " must be taken to include arbitrators selected in any manner authorized by the Arbitration Law as a whole. *Matter of Yeannakopoulos, supra.* The award by a majority of the arbitrators is accordingly valid. The second point of attack upon the award is that the arbitrators allowed themselves fees in excess of the amount of ten dollars a day allowed by law to referees, there having been no agreement permitting them to do so. Civ. Prac. Act, § 1454. The award declares that these fees are to be paid one-half each by the opposing parties to the controversy. While the amount is unauthorized in law it is not claimed to be excessive in fact as compensation for the services rendered, and there is no suggestion of any illegal or improper attempt on the part of the arbitrators to force an agreement or to obtain additional compensation from

the successful party. The case, therefore, differs from *Smith* v. *Dunn*, 94 App. Div. 429; *Dickinson* v. *Earle*, 63 id. 134, and other cases where referees' reports have been set aside. As the legal compensation is shown in the papers to be $360 it would seem that this feature of the arbitrators' award can be corrected by a modification under the Civil Practice Act, section 1458, and although no express demand has been made for a modification the notice of motion to vacate contains the usual prayer for other and further relief. The merits of the award are not open for consideration at this time. *Matter of Goff & Sons, Inc., and Rheinauer,* 199 App. Div. 617. The motion to vacate is denied, the award is modified as indicated, and, as so modified, is confirmed.

Ordered accordingly.