In the Matter of the Application of COLWELL WORSTED MILLS to Confirm the Award Made in the Arbitration Proceedings between COLWELL WORSTED MILLS, Respondent, and LOUIS GLASS, Appellant, under Agreement to Submit to Arbitration, Dated April 17, 1929.

First Department, January 31, 1930.

*Charles S. Rosenberg* of counsel [*Harold M. Brown* with him on the brief], for the appellant.

*Cornelius C. Webster*, for the respondent.

FINCH, J. The Colwell Worsted Mills is here seeking to bring itself within the provisions of the Arbitration Law, so as to obtain confirmation of an arbitration award arising out of a written submission not duly acknowledged. In so seeking, the Colwell Worsted Mills obviously fails, since the statute providing for arbitration requires " A submission * * * shall be in writing, duly acknowledged or proved, and certified, in like manner as a deed to be recorded." (Civ. Prac. Act, § 1449.) This submission was not so acknowledged. There was lacking a certificate by a proper officer of the State of Rhode Island certifying to the authority of the notary to act in taking the acknowledgment. The venue

of the acknowledgment likewise was missing and it did not contain a statement that Ralph Colwell, the affiant, was known to the notary public to be the person who appeared before him and swore that he executed the submission.

The Colwell Worsted Mills urges that, even though the submission was not duly acknowledged or proved .in like manner as a deed to be recorded, nevertheless, the award should be confirmed under the doctrines of waiver, estoppel and ratification, because such award has been at least partly performed by the appellant who is seeking to set it aside. A complete answer to this claim on the part of the worsted mills is that whatever rights it may have, based upon the application of legal principles arising out of the facts of part performance of the award and acceptance of benefits thereunder, it has not a right to proceed under the arbitration statutes because of failure to come within the express requirements thereof, since the submission was not duly acknowledged, as the Arbitration Law (§ 8, as amd. by Laws of 1921, chap. 14) and section 1449 of the Civil Practice Act prerequisitely require. To set forth the acts of the appellant, therefore, in carrying out the award, becomes immaterial. He may object to further proceedings under the Arbitration Law because the parties are not properly within its terms. A case exactly in point with the case at bar and clearly indicating the law applicable to the facts is that of *Matter of Concrete Steel & Tile Const. Co.* (65 Misc. 210; affd., 136 App. Div. 928), where Mr. Justice BISCHOFF wrote as follows: " Upon the record before me I am constrained to a denial of this application to confirm the award of arbitrators. For the purpose of the court's jurisdiction to grant an order confirming the award, as distinguished from proceedings by action to enforce an award upon a common-law submission, the requirements of the statute must be complied with, and it must appear that the agreement of submission was executed with the formalities prescribed by law. * * * This * * * necessarily requires that the acknowledgment, when taken before a notary public of another State, be authenticated by the proper certificate, as in the case of a deed. * * *."

It follows that the judgment and order appealed from should be reversed, with costs to the appellant, and the award vacated.

DOWLING, P. J., MCAVOY, MARTIN and O'MALLEY, JJ., concur.

Judgment and order reversed, with costs, and the award vacated.