In the Matter of the Application of HOWARD LELAND SMITH and Another, a Partnership, Doing Business under the Name of SMITH and WARD, Respondents, to Confirm an Award, Dated September 21, 1933, Rendered in Arbitration Proceedings between SMITH and WARD, Architects, and BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 28, TOWN OF HEMPSTEAD, Appellant, under Certain Agreements to Submit to Arbitration.— Order confirming an award in arbitration and judgment entered thereon unanimously affirmed, with costs. (1) The denial of the motion to strike out the answer and for summary judgment in the action brought by the architects to enforce the award did not preclude the architects from asserting that they had a valid award upon which they were entitled to relief. That determination may be construed to mean that on that motion for summary judgment the court concluded that there was an issue of fact upon which the defendant in that action was entitled to a trial. Therefore, the motion to strike out the answer was denied. Thus was left open for determination the validity of the award following the discontinuance of that action or independent of it. (2) The order denying the board's motion to vacate the award, which was not appealed from, does not bar the raising of all questions on the merits in respect of the award on an appeal from the present order confirming the award and the judgment entered thereon. The order denying the motion to vacate the award was not appealable. (Civ. Prac. Act, § 1464.) The question of appealability was not raised in Matter of Arcadu v. Levinson (224 App. Div. 855). (3) This arbitration proceeding was pursuant to an arbitration provision in a contract entered into between the parties in the inception of their relationship. That provision provided for arbitration in the event that a controversy thereafter arose between them. Such an arbitration, so far as formalities respecting a submission or an award are concerned, is not controlled by the provisions of the Civil Practice Act relating to submissions to arbitration pursuant thereto. These latter only concern submissions to arbitration entered into between parties at the time or after a controversy has risen between them. (Matter of Yeannakopoulos, 195 App. Div. 261.) The claim of invalidity respecting the award or what is denominated the submission to arbitration is, therefore, without merit. The supplemental agreement which provided details in respect of procedure to be followed in the course of the arbitration proceeding was not a submission within the meaning of the Civil Practice Act sections. The submission was under and pursuant to the original contract, which original contract obligated the parties

to submit to arbitration in advance of the arising of any controversy between them. (4) The claim that Arbitrator Russell was disqualified to act is without substance. The award was unanimous. His vote was not determinative. The third arbitrator selected by the two arbitrators named by the parties joined with the arbitrator appointed by the board in making an award in favor of the architects. That third arbitrator was a nominee of the board's arbitrator. In such circumstances there is no basis for a claim of partiality or basis for a claim that the facts urged against Russell affected the impartiality of the award unanimously made in favor of the architects. Moreover, the agreement for the compensation of all the arbitrators, independent of the outcome thereof, was made to the knowledge of all the parties in a manner that indicated that it was the exclusive arrangement and no other arrangement persisted in the face of it. It, therefore, superseded any other arrangement, if there was one, with which Russell may have been concerned. Moreover, no one with knowledge gives any factual basis for the claim of any improper arrangement to pay Arbitrator Russell on a basis other than that openly arranged for with respect to all the arbitrators. The making of any separate or prior arrangement and its persistence are not established in this record. It is time that this litigation ended. The result should not be disturbed and the order confirming the award and the judgment entered thereon should be affirmed. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.