In the Matter of the Application of RESOLUTE PAPER PRODUCTS CORPORATION, Petitioner, to Confirm an Award Made in Arbitration Proceedings between RESOLUTE PAPER PRODUCTS CORPORATION and the NATIONAL SCIENTIFIC PUBLICATIONS, INCORPORATED, Respondent, under an Agreement to Submit to Arbitration Dated December 11, 1935.

Supreme Court, Special Term, New York County, June 23, 1936.

*Joseph G. Cohen,* for the petitioner.

*Friedman & Friedman,* for the respondent.

VALENTE, J. This is a motion to confirm an award in arbitration, following a submission of the controversy under the Civil Practice Act (§ 1448 *et seq.*). The chief objection to the confirmation is that the submission does not contain a provision for judgment. Section 1449 of the Civil Practice Act reads as follows: " A submission * * * shall be in writing, duly acknowledged or proved, and certified, in like manner as a deed to be recorded. The submission may provide that a judgment of a specified court of record shall be rendered upon the award made pursuant to the submission. If the Supreme Court is thus specified, the submission may also specify the county in which the judgment shall be entered. If it does not, the judgment may be entered in any county." Respondent agrees that one of the technical requirements of the submission has not been met in that no provision for judgment is contained in it as required by statute. Respondent does not claim that this alone makes the award void, but it denies the right of petitioner to a summary judgment under such circumstances, and maintains that its only recovery is to bring an action as upon a common-law award.

In order to understand respondent's position and the old authority which it uses in support of its position it is necessary to make some reference to the history of arbitration in this State. Arbitration existed at common law and it was early recognized by the statutes of this State. While the courts regarded as against public policy the attempt to oust them from jurisdiction of the consideration of future disputes which might arise, they did not so regard submissions to arbitration of pending controversies. As is said in *Fudickar* v. *Guardian Mutual Life Ins. Co.* (62 N. Y. 392, 399): " The jealousy with which, at one time, courts regarded the withdrawal of controversies from their jurisdiction by the agreement of parties, has yielded to a more sensible view, and arbitrations are now encouraged as an easy, expeditious and inexpensive method of settling disputes, and as tending to prevent litigation." While informal arbitrations were recognized under the common law, at least after they had terminated by an award, it was still necessary to bring an action upon it by the successful party in order to obtain judgment on it. To make the remedy in submissions to arbitration more easy to obtain, a statutory Code dealing with arbitration was enacted as early as 1791. It is found in 1 Revised Laws, 1813, page 126. It is made lawful for parties to agree that " submission of their suit or controversy to the award * * * should be made a rule of any court of record in this State, which the parties shall choose." This statute was considerably revised and elaborated upon in 2 Revised Statutes, page 541. That statute provided that parties " may submit " a pending controversy to arbitration and " may agree that a

judgment of any court of law and of record   *   *   *   shall be rendered upon the award." (§ 1.) The statute contains a number of sections, most of which in substance are now embodied in the Civil Practice Act (§ 1448 et seq.). Section 8 of the arbitration statute (2 R. S. p. 542) reads as follows: " To entitle any award to be enforced according to the provisions of this Title, it must be in writing, subscribed by the arbitrators making the same, and attested by a subscribing witness."

Section 9 provides: " Upon such submission being proved by the affidavit of a subscribing witness thereto   *   *   *   the court designated in such submission shall, by rule, in open court, confirm such award."

Since the Civil Practice Act makes a similar reference to a designation of a court in the submission, it may be helpful to refer to the early cases in order to decide whether the designation of the court is a jurisdictional requirement in order to constitute a statutory submission. Respondent, taking the view that such a statement in the submission was necessary, quotes from *French* v. *New* (20 Barb. 481, 486). In that case, as a defense to a suit to recover rent, defendant interposed a defense that arbitration had been had pursuant to a written agreement. The opinion of the court contains a reference to the question that is under consideration here: " It was probably the intention of the parties in this case that the arbitration should be under the statute. (2 R. S. 541, § 1 et seq.) This is pretty evident from the concluding clause in the submission bonds, providing that all matters in controversy between the parties should be finally concluded ' *pursuant to the provisions of the statute* for determining controversies by arbitration.' And yet there was no clause in the submission agreeing that a judgment should be entered in a summary manner upon the award to be made in pursuance of the submission, as is required by the section just quoted. This was held to be necessary by the Court of Errors, in the case of *Wells* v. *Lane* (15 Wend. 99). And the chancellor, in *Bloomer* v. *Sherman* (5 Paige, 575, 578), intimates that such was the opinion of the court in a former case, though he differed from a majority of the court. *   *   * We must follow, however, the decision of the Court of Errors, and hold, with that court, that this was not a submission under the statute." The difficulty with that case is that it was reversed. (*French* v. *New*, 28 N. Y. 147.) While the reversal made no reference to the dictum below that a submission agreement must contain a clause that a judgment might be entered in a summary manner, nevertheless, that statement as dictum in a reversed opinion can have very little authority. Moreover, it is doubtful whether that old case draws a correct inference from either

*Wells* v. *Lane* (15 Wend. 99) or *Bloomer* v. *Sherman* (5 Paige, 575, 578), cited by it.

*French* v. *New* (*supra*), relied upon by respondent, does not decide on its own reasoning that written submission under the Revised Statutes required the incorporation of the provision in question, but solely on what it deems the authority of the Court of Errors in *Wells* v. *Lane,* and what it cites as the opinion of the chancellor in *Bloomer* v. *Sherman,* that the Court of Errors so ruled in the *Wells* case. Both these propositions are erroneous, as an examination of the cases will show.

In *Wells* v. *Lane* there was a divided court. The views of the chancellor are a minority opinion. It is in that opinion that an intimation is found, and only an intimation, that the submission must contain the reference to the entry of a judgment.

And in *Bloomer* v. *Sherman,* too, the chancellor does not say that *Wells* v. *Lane* holds the doctrine which is attributed to it in *French* v. *New.* What he says is that " some of the members of the Court for the Correction of Errors " hold such a view. His own views are thus given at page 578 of 5 Paige: " It is insisted by the complainant's counsel, that none of the provisions of the Revised Statutes relative to arbitrations are applicable to any submission to arbitration, except in those cases where the parties have, in their submission, agreed that a judgment shall be entered, in a summary manner, upon the award which may be made in pursuance of such submission. But until the intimation of a contrary opinion by some of the members of the Court for the Correction of Errors, in a recent case before that court, I had never entertained a doubt that the three last sections of that title of the Revised Statutes, as well as some of the previous provisions, were intended by the revisors, and by the Legislature, to apply to every case of a submission to arbitration; whether the parties had or had not inserted a provision in their agreement of submission, that a summary judgment might be entered upon the award of the arbitrators. The language of the first section of the statute is that the parties may, not that they shall agree that the judgment of a court of law and record shall be entered upon the award. And whenever such an agreement is contained in the submission, then the provisions of the eighth, and of the thirteenth succeeding sections, relative to the summary proceedings in the court of law, are applicable to the case. But I can hardly suppose that the Legislature intended to leave every other submission to arbitration wholly unprotected by the valuable provisions of this title; many of which are equally applicable to every case of a submission to arbitrators."

The opinion just cited may not be conclusive on the subject whether summary judgment may be entered under the award, if the submission contains no written reference of the parties to that effect. It is, however, conclusive on the question that a submission to arbitration is a statutory one, even though it contains no reference to the entry of a judgment on the award. The case is interesting, however, even though inconclusive on the main topic in pointing out that the language of the statute on that phase is not mandatory but only permissive. Almost the same language is used in the Code of Civil Procedure which embodies substantially the provisions of the Revised Statutes on the subject of arbitration.

In section 2366 of the Code of Civil Procedure it is stated that two or more persons " may, by an instrument in writing, duly acknowledged * * * submit to the arbitrators, any controversy, existing between them at the time of the submission. * * * They may, in the submission, agree that a judgment of a court of record, specified in the instrument, shall be rendered upon the award, made pursuant to the submission." Here, too, no mandatory language is contained.

That section as distinguished from the provisions in the Revised Statutes contains a requirement for an acknowledgment. It uses no mandatory words such as " shall " or " must," and yet so far as the acknowledgment is concerned it clearly leads to the inference that parties may at will submit their controversies in writing, but if they do, the written instrument must be duly acknowledged. (*Matter of Concrete Steel & Tile Const. Co.*, 65 Misc. 210.) But as to the provision for judgment to be contained in the submission the language is permissive only, and the same reasoning that it is only permissive, as used in *Bloomer* v. *Sherman*, may be applied here. On this point, however, all doubts seem to be resolved by section 1449 of the Civil Practice Act, which provides that a submission " shall be in writing, [and shall be] duly acknowledged * * * in like manner as a deed to be recorded. The submission may provide that a judgment of a specified court of record shall be rendered upon the award made pursuant to the submission." The contrast between the word " shall " in one part of the section and the word " may " in another is not accidental, but designed to distinguish between the mandatory and the permissive portions. Quite properly and in accord with the earlier decisions under the Code of Civil Procedure it has been held that the submission must be acknowledged (*Matter of Colwell Worsted Mills*, 228 App. Div. 150), even though no acknowledgment is necessary to agreements to arbitrate future disputes legalized by the arbitration law adopted in 1920 (*Matter of Yeannakopoulos*, 195 App. Div. 261).

I entertain no doubt from these considerations that the submission need not contain a provision for the entry of judgment. Notwithstanding such conclusion, it still remains to be considered whether a submission may have all the statutory advantages, except one — the right to enter judgment thereon. It was intimated, as shown in *Bloomer* v. *Sherman*, that a submission may be statutory in every respect except as far as the summary entry of judgment on the award. If such were the conclusion to be reached here by reason of the absence of the statement in the submission, it would nevertheless add but little to the burden of the successful party, in view of rule 113 of the Rules of Civil Practice. A successful party might be compelled to institute an action, but no defense would be available against it, except such as might be invoked under the arbitration provisions of the Civil Practice Act, and a litigant would be entitled to summary judgment as a matter of course, in the absence of any defense which might be sufficient to defeat a summary motion on an award.

A consideration of the developments of arbitration, together with the policy adopted by the Legislature in enacting the arbitration law, leads me to the conclusion that even in the absence of a provision in the submission agreement for the entry of judgment, a summary judgment may nevertheless be obtained upon motion, as provided in section 1456 of the Civil Practice Act, notwithstanding the absence of the name of the court in the submission.

By section 8 of the Arbitration Law of 1920, the sections of the Civil Practice Act applicable to arbitration have been assimilated to the practice following disputes under agreements to arbitrate future controversies. That necessarily includes matters involving powers of arbitrators, motions to confirm the award and motions to modify or vacate the award. It is not an unwarranted inference that the arbitration law and the submission clauses of the Civil Practice Act, so far as not inconsistent, should be read together. While a submission differs from a primary agreement to arbitrate, so that the two cannot be entirely assimilated, section 8 of the Arbitration Law provides that in applying the machinery of arbitration, the arbitration agreement shall be deemed a submission to arbitration.

From the point where a controversy arises under written agreement which contains an arbitration clause, the stages in the process of applying the remedy of arbitration are identical with the stages following a submission of a controversy, pursuant to section 1449 of the Civil Practice Act.

It might be argued that the reference to a judgment to be entered

in a specified court is necessary to give jurisdiction, and, therefore, without such a statement in the submission there can be no summary judgment upon the award but only an action as upon a common-law award. This argument loses sight of the fact that it is only where it is intended that a court other than the Supreme Court shall enter the judgment that the statement in the submission becomes a statutory prerequisite. The Supreme Court is a court of general jurisdiction, and specific language that such court should have jurisdiction to enter an award upon submission is unnecessary, in view of the fact that remedial procedures under the Arbitration Law and under the Civil Practice Act, are absolutely parallel, Section 8 of the Arbitration Law contains a statement " wherever in such sections [of the Civil Practice Act] reference is made to the court specified in the submission, the Supreme Court shall have jurisdiction of the subject matter if no court be specified in the arbitration agreement." Assuming as we must, that it was intended by the Arbitration Law to enter summary judgment upon an award, the statement as to the jurisdiction of the Supreme Court was only an affirmation of the general jurisdiction which it has. Any other court, such as the County Court or a City Court, would require to be given specific jurisdiction by statute. The language in section 1449 of the Civil Practice Act gave statutory sanction to the selection by the parties of their own forum for the entry of a judgment, if they preferred any other court than the Supreme Court. But as I interpret it, reading the Civil Practice Act section in connection with the Arbiration Law, where it is intended to let the Supreme Court enter judgment upon the award, no specific mention of the fact is necessary in the submission.

It may not be inappropriate to mention the opinion of Sturges in his work " Commercial Arbitrations and Awards " as substantially in accord with this conclusion. The views of that textwriter deserve special consideration here because they are the result of the analysis of statutory provisions of other States and the interpretation by the courts of those provisions. His views are as follows (p. 320):

" It seems clear, therefore, that the statute (article 84, Civil Practice Act [section 1448 *et seq.*]) contemplates that a submission agreement can qualify under the statute without a stipulation that a judgment of a specified court of record shall be entered upon the award so that the award may be enforced, vacated and corrected by action. * * *

" But, further, it is not entirely clear that Civ. Prac. Act, art. 84, § 1449 * * * when construed with Civ. Prac. Act, art. 84, §§ 1456, 1457, and 1458, providing, respectively, for confirming an award

and entering judgment thereon by motion, * * * requires the conclusion that the absence of a provision in the agreement that judgment of a specified court of record shall be rendered upon the award, precludes the foregoing statutory remedies of enforcement, vacation and correction. Depending upon the intensity of desire to reach the result, it seems reasonable to argue as follows: * * * That if they [the parties] do not provide that a judgment of any court shall be entered, and consequently no court is specified, then judgment may be entered in any court of record, including the Supreme Court, and in any county. Otherwise stated, the provisions for enforcement of the award and vacating or correcting the award by the statutory methods of motion in ' the court specified in the submission,' may be said to go to the *venue* of those proceedings when, and as, the parties may have so agreed, but it is not an inevitable conclusion from those provisions that all courts are without power to accord those remedies when the parties have not so agreed. The parties, without expressly stipulating therefor, may be regarded as having intended to contract with reference to the statutory remedies for enforcement, vacation, and correction of the award, as much as for the corresponding common law remedies."

With these views I am in accord, except that I believe that the author is not entirely correct in his statement that in the absence of the name of a court in the submission, the entry may be made in any court of record. The procedure under the Arbitration Law must follow and be assimilated to the procedure under the Civil Practice Act. Since the Arbitration Law provides that if no court be specified in the arbitration agreement, the Supreme Court shall have jurisdiction, it follows that in the absence of the name of a court in the submission agreement application to confirm and to enter judgment must be made in the Supreme Court.

The motion to confirm the award is granted.