Thomas R. Hadaway, J.
On October 27,1972, this court, after a trial without a jury, rendered a declaratory judgment declaring that the zoning ordinance of the Town of Warwick to the extent that it would prohibit the plaintiff from maintaining a mobile home on his property, is unenforceable.
The court’s decision was based in part upon a finding that the defendants’ express policy of not enforcing its prohibitions against mobile homes placed in the town prior to 1966 was premised upon an arbitrary classification, and that to allow the defendants to enforce these prohibitions against the plaintiff, who had placed his mobile home in the town after 1966, would result in a violation of his equal protection rights. On the evidence presented, the court found no justifiable basis upon which the defendants could elect to proceed only against mobile homes placed in the town after 1^66.
The defendants now move pursuant to OPLR 4404 for an order setting aside the court’s decision or, in the alternative, granting other related relief. The stated grounds for the motion are that ‘ ‘ the decision was contrary to the evidence, that the court based its decision upon a misapprehension of fact and overlooked decisions and principals [sic] of law which would have a controlling effect and mistakenly arrived at its decision.”
Reduced to its simplest terms, the defendants’ present argument is that the prohibitions against mobile homes contained in their zoning ordinance prior to an amendment thereof in 1966 were unconstitutional. This, they now suggest, is the reason *293 for their policy of taking no action against mobile homes placed in the town prior to 1966.
Although the point was not previously raised, nor any- proof on the subject offered, the defendants are now asking the court to find that their own zoning ordinance, as last amended prior to 1966, is unconstitutional.
A determination, in these circumstances, of the constitutional question presented would be inappropriate. The court finds that the defendants are in no position to question the constitutionality of their own enactment.
It is a fundamental principle of constitutional law that courts should not decide constitutional questions unless clear necessity requires it (People v. Carcel, 3 NY 2d 327), and that a legislative enactment should be declared unconstitutional “ only as a last resort ” (Matter of Roosevelt Raceway v. Monaghan, 9 N Y 2d 293, 303). It is also well established that a party may he estopped from raising the unconstitutionality of a law, as where he has been instrumental in procuring its enactment (Embury v. Conner, 3 N. Y. 511; 16 C. J. S., Constitutional Law, § 89). This latter principle applies equally to governmental bodies, and it thus has been held that the State which enacted a statute cannot be heard to complain that the statute is unconstitutional (Sweeney v. State of New York, 251 N. Y. 417; Black River Regulating Dist. v. Adirondack League Club, 307 N. Y. 475, app. dsmd. 351 U. S. 922).
Relying upon these principles, the court holds that the defendants are estopped from challenging the provisions of their own ordinance.
In addition to an estoppel, it would also appear that the defendants’ failure to raise the constitutional question before now, without offering any excuse therefor, should constitute a waiver on their part (cf. Matter of Kipp, 70 App. Div. 567; Matter of Yeannakopoulos, 195 App. Div. 261).
For the foregoing reasons, the defendants’ motion is in all respects denied.